Martin Schenck, J.
This is a motion for an order compelling the Comptroller of the State of New York to release and pay to plaintiff certain money to which the defendant became entitled upon surrender of a restaurant liquor license. The plaintiff moves for relief as a judgment creditor of the defendant. The United States Government, through the district director of internal revenue, contests the motion and claims priority to the aforesaid money on the basis of a Federal tax lien.
The Government’s tax lien in the sum of $154.66 together with penalties, interest and costs was filed in the office of the Clerk of Montgomery County against all property and rights to property belonging to the taxpayer, the judgment debtor, herein, on October 24, 1955. On February 27, 1957 plaintiff entered judgment against the defendant in the sum of $222.56. On January 21, 1957, prior to the entry of the judgment, the judgment debtor surrendered his restaurant liquor license and on March 7, 1957 he became entitled to a license refund in the sum of $251.67 which money is now held by the Comptroller of the State of New York.
On February 28, 1957 the judgment creditor served a third-party subpoena in supplementary proceedings upon the Comptroller. Thereafter, on March 6, 1957, the district director of internal revenue served on the Comptroller, a notice of levy in the amount of $163.60, against property held by the Comptroller, belonging to the judgment debtor. The question presented is whether the judgment debtor, having perfected his judgment and served a third-party subpoena before the Government’s notice of levy was served on the Comptroller, is entitled to priority with respect to the funds held by the Comptroller. The judgment creditor bases his contention upon the authority of a line of New York State cases, the latest of which appears to be Matter of City of New York v. Bedford Bar & Grill (2 N Y 2d 429). It was there held that an assignment of moneys due from a liquor license cancellation refund, executed before the *630 fund came into existence, is subordinate to the lien of a judgment creditor who has served a third-party subpoena upon the Comptroller of the State of New York. The ease at hand, however, has the distinguishing characteristic of involving a claim by the Federal Government. The laws of the State of New York and the authorities thereunder which might otherwise favor the judgment creditor, herein, must, therefore, be subordinated to the Federal statutes involved. The Government’s power to tax obviously includes the power to enforce collection of taxes.
In that connection, section 6321 of the Internal Revenue Code of 1954 provides as follows: “If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.”
Relative to provisions for enforcement of tax liens, the Internal Revenue Code thereafter provides as follows:
“ § 6322. Period of lien.
“ Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed is satisfied or becomes unenforceable by reason of lapse of time.”
“ § 6323. Validity against mortgagees, pledgees, purchasers, and judgment creditors.
“ (a) Invalidity of lien without notice.
“ Except as otherwise provided in subsection (c), the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate —
“ (1) Under State or Territorial laws.
“ In the office designated by the law of the State or-Territory in which the property subject to the lien is situated, whenever the State or Territory has by law designated an office within the State or Territory for the filing of such notice ”.
The inescapable conclusion from an analysis of the foregoing statutes is that the Federal Government’s lien was perfected when it was filed in Montgomery County and, thereafter, was valid and binding for all purposes, regardless of when a notice of levy was served upon the Comptroller. Indeed, it would seem to me that it is immaterial if such notice of levy were ever filed, except as the Comptroller might require some author *631 ity to make payment of the fund to the district director of internal revenue, or some other Federal Government agent. It is a well-established principle that a Federal tax lien attaches to each item of a taxpayer’s property, even though it be stated to be a general lien against all of his property, rather than a specific item. (United States v. New Britain, 347 U. S. 81.) By the same token, it is well established that such Federal tax lien is not limited to property owned by the taxpayer at the time the lien arises. It attaches to after acquired property (Glass City Bank v. United States, 326 U. S. 265).
The case of Oxford Distr. Co. v. Famous Robert’s, Inc. (134 N. Y. S. 2d 244) has been cited as contrary to the views expressed herein. I might point out that, although the Government’s brief refers to that case as a decision of the Albany County Court, it was actually a determination by the Supreme Court sitting in Albany County. In view of the foregoing Federal authorities, this court does not feel bound by the determination in the Oxford Distr. Co. case which I understand is now on appeal.
It is, therefore, the conclusion of this court that the Federal lien was properly perfected and that the Government was under no obligation to take any further steps, including such procedure as the service of a notice of levy upon the Comptroller. The judgment of the plaintiff herein, therefore, having been entered subsequent to the filing of the original notice of Federal tax lien in Montgomery County, is clearly subordinate thereto. The judgment creditor is, accordingly, not entitled to priority of payment out of the fund now in the Comptroller’s hands. The motion for payment is in all respects denied.