Richard J. Sherman, J.
This is a proceeding brought by Louis J. Farone to compel Gabriel Baneth to pay over a certain sum held by Baneth pursuant to a stipulation of settlement in the action brought by the plaintiff against the defendant to recover moneys allegedly owing to the plaintiff, by reason of an alleged assignment of moneys due under a contract by and between Norman McAllister and the defendant.
*830 The facts are that on or about May 10, 1955 Norman McAllister entered into a contract with one Gabriel Baneth to furnish and install for Mr. Baneth a plumbing system for a 15-unit motel. The performance of the contract was generally completed according to McAllister on or about August 1, 1955. In the action, the defendant contended that certain materials were of inferior quality, the work not performed in a good workmanlike manner, certain requisites not completed as well as various other deficiencies.
At the Trial Term of County Court held in June of 1957, a settlement was reached.
The plaintiff and the defendant, each represented by counsel, were present as well as Norman McAllister, the alleged assignor. No question as to the assignment was raised by any of the parties. The stipulation was made in open court and placed upon the record. It was agreed that Baneth would pay to Farone ‘‘ as assignee of McAllister ’ ’ the sum of $1,000 and turn over to Farone certain unused materials. General releases were to be executed, but on a point raised by Mr. Perkins representing Baneth to the effect that notices of liens against McAllister had been filed with Baneth, the stipulation was made subject to such notices. The settlement has not been consummated.
On July 29, 1955 Federal withholding taxes were assessed against McAllister for the period ending March 31, 1955 in the principal amount of $298.83, together with interest. Of this amount, McAllister paid $111.65 on July 31, 1957 leaving an outstanding balance of $201.49, with interest. On November 30, 1956 Federal withholding taxes for periods ending June 30, 1955 and September 30, 1955 were assessed against McAllister, which, together with interest, totaled $711.13, with interest. On February 2, 1957 a notice of Federal tax liens was filed with Commissioner of Accounts, Saratoga Springs, N. Y., in the amount of $796.08. On January 12, 1956 a notice of tax lien was filed in the same office in the amount of $313.14.
The action instituted by Farone as alleged assignee of McAllister against Baneth was to recover for the sum of $551.08 allegedly owed by Baneth to McAllister as the balance due on the original contract and for the recovery of $1,514.77 for labor and materials furnished Baneth by McAllister after August 2, 1955. Two questions are presented on this motion:
1. Whether or not Farone has any right to or interest in the sum held by Baneth in the credit of Norman McAllister, taxpayer.
*831 2. Whether Farone’s claim has priority over what might be determined as a fully perfected Federal tax lien.
The Government’s interest in this motion was brought about by the service of an order to show cause served by Farone’s attorney upon the District Director of Internal Revenue.
Hearings were held by this court on December 27, 1957, January 10, 1958 and February 28, 1958, and sworn testimony taken. Each party to the proceeding was given time within which to file briefs. The brief of the Government was received on or about July 20, 1958. Mr. Perkins indicated he did not intend to file a brief. No brief has been received from Mr. John O’Malley, attorney for Farone, despite several requests made by this court. This decision is based entirely upon the law and the facts. This court is not too much concerned with the argument as to whether the assignment of the contract from McAllister to Farone was proper. Certainly there was money due from Baneth either to McAllister, Farone, the Saratoga Distributing Company (nonexistent) or the Saratoga Modern Distributing Company. The Government contends that from the reading of the contract, no mention is made as to Farone being the assignee. Assuming that the assignment is proper, then the assignee would be the Saratoga Distributing Company which the plaintiff argues should have read the Saratoga Modern Distributing Company, a corporation, of which corporation Margaret E. Farone, wife of the plaintiff, apparently has a controlling interest. Perhaps Farone individually was not the proper plaintiff, but as previously stated no question was raised as to the assignment by any of the parties to the action at the time of trial and settlement. The sole remaining question is whether the assignment is not valid as against the Federal tax liens involved in this case. This court holds that any assigned rights under this contract are subservient to those of the Federal Government under its Federal tax liens, and the funds held by Baneth are impressed with fully perfected tax liens.
The statutes involved are sections 6321, 6322 and 6323 of the Internal Revenue Code of 1954 (U. S. Code, tit. 26, ch. 64, subch. C).
On the question as to the assignment of the contract and the necessity of filing, section 15 of the New York State Lien Law is to be considered.
This court has examined into the various cases submitted by the counsel for the Government and it seems well settled that this lien attaches to after-acquired property as well as to present property rights of the delinquent taxpayer. (Glass *832 City Bank v. U. S., 326 U. S. 265; Matter of Oxford Distr. Co. v. Famous Robert’s, 5 A D 2d 507; Matter of Bartyzel v. Przybylo, 7 Misc 2d 628.)
It is also well settled that a levy need not be served by the Internal Revenue Service to perfect its lieni. (Matter of Oxford Distr. Co. v. Famous Robert’s, supra; Matter of Bartyzel v. Przybylo, supra.)
There can be no question that any amount due and owing to McAllister at the time the assessments were made are subject to the tax liens of the Government. (Aquilino v. United States, 3 NY 2d 511.)
The laws of the State of New York and the authorities thereunder which might favor the plaintiff in the action as an alleged assignee of McAllister must be subordinated to the Federal statutes involved. The Government’s power to tax obviously includes the power to enforce collection of taxes.
In this proceeding the question is not one of judgment as requested by the Government, but one of either granting or denying the request of Farone of the $1,000 as agreed upon by stipulation in the settlement of the action.
However the court determines that the United States does have a lien as against this particular amount. The motion of the plaintiff is accordingly denied.
Submit order.