Howard A. Zeller, J.
This is a motion made pursuant to rules 109 (suhd. 6) and 103 of the Rules of Civil Practice hy plaintiff Glenn 0. Lee to strike the second affirmative defense from the answer of defendants Ernest W. Mack and Helen R. Legg on the respective grounds that the asserted defense is insufficient in law, and that it is irrelevant, sham, frivolous and prejudicial to a fair trial of plaintiff’s actions.
Plaintiff’s complaint adequately sets forth two causes of action for work, labor, services and materials furnished by plaintiff at defendants’ request for certain repairs and improvements to real property located at 415 W. Buffalo Street, Ithaca, New York.
The defense here under attack alleges the service on defendants by the Treasury Department of a notice of Federal tax lien against plaintiff for a sum substantially in excess of the value of plaintiff’s asserted claims against defendants. Because the final demand subsequently served by the Treasury Department contained a direction requiring defendants to pay any sum due plaintiff to the United States of America, it is defendants’ contention in this defense that the United States thereby has the full title and ownership of the claims being asserted by plaintiff’s complaint so that plaintiff is neither a real party in interest nor possessed of the capacity to sue the claims. Defendants’ conclusions are based primarily on sections 6321 and 6332 of the Internal Revenue Code (U. S. Code, tit. 26) which respectively provide for placing a lien upon all property and rights to property of any person delinquent in payment of an assessed tax, and impose a penalty on any person in possession o’f or obligated with respect to property or rights to property of a delinquent taxpayer and who fails or refuses to surrender the same to the Treasury Department on its demand. The United States has neither intervened in nor otherwise been made a party to this action.
To sustain this defense in bar to plaintiff’s causes of action it would be necessary to ignore several considerations deemed controlling in these particular circumstances. In the first place, the defense is untenable on its face as the very assertion of the lien itself and the language of the statutes cited in defendants’ *659 answer both presume not only plaintiff’s ownership of the debt here in litigation but also, and even more basically, the actual existence of a debt in favor of the plaintiff. (United States v. New Britain, 347 U. S. 81; Aquilino v. United States of America, 2 A D 2d 747, motion for leave to appeal denied 2 A D 2d 810; Matter of Herlihy, 274 App. Div. 342.) Although the lien’s existence could serve to make the government a proper party to this action, it does not assign or otherwise transfer ipso facto to the United States the plaintiff’s recognized property rights in the alleged debt or to the right of action thereon. (U. S. Code, tit. 28, § 2410; Aquilino v. United States of America, supra; Matter of Herlihy, supra; 53 C. J. S., Liens, § 1.) All the lien per se actually creates in the United States Government is a protected right, in its order of priority, to the net proceeds of any judgment which may be recovered subsequently by plaintiff. (Glass City Bank v. United States, 326 U. S. 265; Marteney v. United States, 245 F. 2d 135; United States v. Preferred Contrs., 122 F. Supp. 219; Matter of Bartyzel v. Przybylo, 7 Misc 2d 628; Matter of Lavenburg v. Universal Sportswear, 198 Misc. 318; see Lien Law, § 240.) It is therefore obvious that the lien in this instance has no direct defensive relation to plaintiff’s causes of action.
Defendants’ answer and its other defenses raise issues concerning the work to have been performed under the contract, the agreed price, the extent of plaintiff’s performance under the agreement, the reasonable value of the work, services and materials actually furnished by plaintiff in the property improvement and payment. A trial of these issues is necessary to determine whether any obligation upon which the government’s lien can attach runs from these defendants to this plaintiff. To extend the theory of defendants’ second defense to its logical and necessary conclusion results in placing on the government the burden of being both the sole plaintiff and advocate for recovery on such claims of its tax debtors. This result is inconceivable for many patent reasons and could serve to prejudice by inaction the tax debtor’s right to have his contested claims resolved. This right alone is sufficient to make this plaintiff a proper party in interest in this action.
Plaintiff’s action for judgment liquidating his claims against these defendants is properly pursued in this forum for determination under the laws of this State. (Civ. Prac. Act, § 210; Bensinger v. Davidson, 147 F. Supp. 240; United States v. Haddock, 144 F. Supp. 720.) Defendants’ second asserted defense should be stricken on plaintiff’s motion because it is not only irrelevant to plaintiff’s present action but also because it is *660 insufficient in law to constitute a bar to plaintiff’s claims under the respective provisions of rules 103 and 109 (suhd. 6) of the Rules of Civil Practice.
Plaintiff should be granted motion costs.
Submit order accordingly.