**UNITED STATES of America, Plaintiff,**

v.

**NEW YORK TELECOIN CORPORATION; Chase Manhattan Bank; Sunny Chops Colony, Inc.; City of New York; Max Itzkowitz and Viking Superior Corporation, Defendants.**

United States District Court
S. D. New York.

Feb. 10, 1959.

Arthur H. Christy, U. S. Atty., S. D. New York, Arthur V. Savage, Asst. U. S. Atty., New York City, of counsel, for the United States.

Hertz & Hertz, Brooklyn, N. Y., for defendant Itzkowitz, Oscar Hertz, New York City, of counsel.

DAWSON, District Judge.

This is a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C. The Government seeks an order requiring defendant The Chase Manhattan Bank to pay over a balance of $9,037.97, which the latter admits it holds as a credit in the account of the defendant-debtor, New York Telecoin Corporation, an inactive corporation formerly engaged in business in New York City. This sum is sought for application against defendant Telecoin's 1954–55 tax liabilities.

As appears from the certified copy of the Notice of Lien filed July 20, 1955 with the Register of the City of New York in accordance with § 240 of the New York Lien Law, McKinney's Consol. Laws, c. 33, defendant Telecoin has a duly assessed tax indebtedness due to the United States in excess of the sum demanded in this action. The defendants Sunny Crops Colony, Inc., City of New York, Max Itzkowitz and Viking Superior Corporation are all judgment-creditors of the defendant Telecoin, all of whom caused third-party subpoenas to be

served on the defendant The Chase Manhattan Bank subsequent to July 20, 1955.

The defendants Telecoin, City of New York and Sunny Crops Colony, Inc. have all defaulted and the defendant The Chase Manhattan Bank does not oppose this motion. In this action only defendants Max Itzkowitz and Viking Superior Corporation have appeared. Since there is no genuine issue of material fact this motion for summary judgment is properly made pursuant to Rule 56 of the Federal Rules of Civil Procedure. The only legal issue is whether the United States Government has a valid prior lien on a taxpayer's assets in possession of a third party (defendant Bank) by reason of the filing of a prior Notice of Lien with the City Register, where the United States served the third party with copies of its lien subsequent to the time that judgment-creditors served the third party with third-party subpoenas.

This issue relates to when a lien for unpaid taxes becomes perfected. The pertinent sections of the Internal Revenue Code provide as follows:

"§ 6321. Lien for taxes

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321

"§ 6323. Validity against mortgagees, pledgees, purchasers, and judgment creditors

"(a) Invalidity of lien without notice.—Except as otherwise provided in subsection (c), the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, · or judgment creditor until notice thereof has been filed by the Secretary or his delegate—

"(1) Under state or territorial laws.—In the office designated by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law designated an office within the State or Territory for the filing of such notice." 26 U.S.C. § 6323.

Thus, in order for the tax lien to be valid against a judgment-creditor, it must be filed in accordance with the New York State Law. In the instant case § 240 of the New York Lien Law requires a lien for unpaid taxes due to the United States to be filed with the office of the City Register.

Since there is no dispute that the Government complied with the provisions of § 240 of the New York Lien Law, the lien for taxes was perfected at the time of such filing. Therefore, since this filing was prior in time to the service of a third-party subpoena by the other judgment-creditors, and since there is no allegation that a lien attached to the bank account by virtue of an execution and levy pursuant to § 679 of the New York Civil Practice Act, the Federal Government's lien had priority over the claims of the judgment-creditor. In re Levitt, 1957, 7 Misc.2d 628, 169 N.Y.S.2d 407, Oxford Distributing Company, Inc. v. Famous Robert's, Inc., 3d Dept. 1958, 5 App.Div.2d 507, 173 N.Y.S.2d 468.

In the affidavit of respondent Max Itzkowitz, opposing this motion, it is alleged that since his judgment rendered against the New York Telecoin Corporation was for salary due, the respondent believes that this judgment is a prior lien to the lien entered in the Register's Office by the United States Government. However, respondent does not state when he became a judgment-creditor, nor does he state that execution and levy was made before July 20, 1955, which would be necessary in order to perfect his lien in accordance with § 679 of the Civil Practice Act. The respondent has conceded that he has no authority for the position he has taken and this Court can find no exception in the law in favor of

a judgment-creditor where the judgment was rendered for unpaid salary. Therefore summary judgment in favor of the plaintiff should be granted. Let judgment be entered accordingly.