**FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Corporation, Plaintiff,**

v.

**A TO Z EQUIPMENT CORP. et al., Defendants.**

No. 64 C 854.

United States District Court
E. D. New York.

June 20, 1966.

---

Maurice & McNamee, New York City, for plaintiff, Joseph P. Hoey, U. S. Atty., Cyril Hyman, Asst. U. S. Atty., of counsel.

George Weisbrod, New York City, for defendant, Murray-Benjamin Electric Co.

Kirlin, Campbell & Keating, New York City, for defendants, Chilean Line, Inc. and Pittston Stevedoring Corp., Richard H. McKenna, New York City, of counsel.

Seymour Goldstein, Brooklyn, N. Y., for defendant, Seaboard Electric Co. Inc.

Theodore D. Ostrow, Esq., Brooklyn, N. Y., Special Master.

Arnold M. Schwartz, Brooklyn, N. Y., for defendant, Dunham-Bush, Inc.

## MEMORANDUM

BRUCHHAUSEN, District Judge.

The plaintiff instituted this action for interpleader. The plaintiff now moves for confirmation of the report of Theodore D. Ostrow, Esq., Special Master appointed by the Court. As additional relief, the plaintiff seeks an award of $12,500 counsel fees, also costs and disbursements, payable out of the fund.

The plaintiff, as surety, issued a bond, pursuant to 40 U.S.C. § 270a in the penal sum of $122,479.50 in behalf of Main Ship Repair Corp., as principal, in favor of the United States of America, as obligee. It accompanied a contract for the repair of a vessel, entered into between the said principal and obligee. Subsequently, the principal was adjudicated a bankrupt. There were 114 unpaid subcontractors. The Special Master conducted hearings on the claims of the defendants and made findings and conclusions of law.

Several of the claimants entered objections to the Special Master's recommendation that the plaintiff be awarded reasonable attorneys fees, costs and disbursements.

■ The law on this subject is well settled. In the absence of extraordinary circumstances an interpleading plaintiff will not be entitled to payment of such allowances from the fund. The ordinary costs of the plaintiff in transacting its business may not be taxed to the parties insured. Travelers Indemnity Company v. Israel, 2 Cir., 1965, 354 F.2d 488, and cases cited therein.

■ The plaintiff's request for its counsel fees, costs and disbursements is denied excepting that there is allowed the sum of $1991.50, payable out of the fund to reimburse it for the minutes of the hearings.

The Special Master's compensation is fixed at the sum of Ten Thousand Dollars, payable out of the fund.

The Special Master allowed the assignee of claimant
No. 101, Seaboard Electric Co., the sum of . . . . . . . . . . $12,215.75

| | | |
|---|---|---|
| Less Allowance to claimant No. 73, Murray Benjamin Electric Co. of | $4797.38 | |
| and | | |
| Less U. S. tax lien of | 6300.42 | 11,097.80 |
| Net | | $ 1,117.95 |

The claimant (73), Murray Benjamin Electric Co., objects to the ruling of the Special Master, relegating it to a separate action for recovery of the balance of its claim for materials furnished to the defendant, Seaboard Electric Company, Inc, (101). It also objects to the ruling that out of the pro rata share of the allowed claim of Seaboard, the tax claim of the Government be accorded priority and that any balance be paid to Seaboard's assignee. In short the objectant, a materialman of Seaboard seeks priority over the Government's tax lien.

 It is settled law that property of the United States is generally not subject to State lien laws, Continental Casualty Company v. United States, etc., 8 Cir., 305 F.2d 794; certiorari denied 371 U.S. 922, 83 S.Ct. 290, 9 L.Ed.2d 231. The Miller Act, 40 U.S.C. § 270b gives a property right to a claimant to sue which right may be attached. Lee v. Mack, 15 Misc.2d 657, 182 N.Y.S.2d 391. See also Section 6321 of the Internal Revenue Code of 1954. The authorities cited by the objector are inapplicable. Its objections are overruled.

Seymour Goldstein, Esq., attorney for Seaboard claims a 33⅓ percent attorney's lien. He should be paid one-third of the amount payable to Seaboard's assignee out of the fund, without prejudice to any further claim he may have against Seaboard or its assignee.

 Claim No. 12 of Bethlehem Steel Company for $800 was disallowed by the Special Master.

The claimant submitted evidence of a purchase order received from the contractor, Main Ship Repair Corporation, also of an entry in the contractor's accounts payable ledger, reflecting receipt of claimant's invoice.

The Special Master rejected the claim upon the ground that the claimant produced no evidence of delivery of the material.

The claimant objected to the disallowance, contending that no issue was raised as to delivery and that the documentary proof submitted shifted the burden of proof of non-delivery to the contractor.

Claim No. 34 of Dunham-Bush for $250 was likewise disallowed by the Special Master upon the grounds of no proof of delivery, value, agreed price nor of an order for the merchandise other than the invoice.

The claimant asserts that it submitted sufficient evidence to support the claim, i. e., the claimant's invoice, reflecting delivery of the goods to the contractor, and the contractor's accounts payable ledger, containing an entry, indicating the posting of the aforesaid invoice.

The objections of claimants, Bethlehem Steel Company and Dunham-Bush are overruled.

The Special Master's report is confirmed excepting as hereinabove indicated.

Submit judgment.