COMPANION LIFE INSURANCE COMPANY, Plaintiff,

v.

Elise I. SCHAFFER and Ted Schaffer, Defendants.

No. 77 Civ. 672.

United States District Court, S. D. New York.

Dec. 20, 1977.

Bleakley, Platt, Schmidt & Fritz, New York City, for plaintiff.

Wehringer & Kojima, New York City, for Ted Schaffer.

Julius Kahn, New York City, for Elise I. Schaffer.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

This is an interpleader action pursuant to 28 U.S.C. § 1335 commenced by the filing of an interpleader complaint on February 10, 1977.

This action arises out of a controversy between the interpleader defendants concerning their respective entitlement to the proceeds of a certain insurance policy # 251–67–33 issued by plaintiff Companion Life Insurance Company on or about November 14, 1972 on the life of one Michael Schaffer in the face amount of One Hundred Thousand Dollars ($100,000.00).

For purposes of adjudicating the matters presently before me, I find the following facts:

1. The application for insurance by Michael Schaffer was dated October 12, 1972, and designated as beneficiaries the defendants Elise I. Schaffer, his wife, and Ted Schaffer, his uncle.

2. At the time of the issuance of the life insurance policy, Ted Schaffer was an em-

ployee of the plaintiff,[1] and an employee of C. H. Juergens Agency, Inc., a general agent of the plaintiff. In November 1972 Ted Schaffer went to Chicago to attend the wedding reception of Elise Schaffer and Michael Schaffer. While in Chicago, Ted Schaffer sold the policy in suit to Michael Schaffer.

3. After its initial preparation, and before submission to plaintiff, the application with respect to Michael Schaffer's policy of insurance was altered. The alteration consisted of a deletion of the provision designating Elise Schaffer as the primary beneficiary and a substituted direction that Elise Schaffer and Ted Schaffer were to "share alike" as beneficiaries. Thus directly above the name Elise I. Schaffer in the application for life insurance the word "PRIMARY" has been crossed out, and directly below the names of the defendants appear the words "ABOVE TO SHARE ALIKE", as follows:

"12. Full names and relationship of beneficiaries. (Given, middle and surname.)

~~PRIMARY~~

| ELISE I. SCHAFFER | WIFE | |
|---|---|---|
| SAME ADDRESS | | |
| TED SCHAFFER | UNCLE | |
| 37–09 75 ST., JACKSON HTS., N.Y. | | 11372 |
| | ABOVE TO SHARE ALIKE | " |

4. Michael Schaffer, the insured, died on October 25, 1976. Thereafter, proof of death statements and claims under the policy were received by plaintiff from the defendants or their representatives.

5. First defendant Ted Schaffer made claim for $50,000.00 in benefits allegedly due him under the policy. Upon presentation of this claim by Ted Schaffer, plaintiff remitted $50,312.32 to him (one half of the face value of the life insurance policy at issue, plus interest).

6. Thereafter the defendant Elise I. Schaffer made claim through her attorneys for $100,000.00, the full proceeds due and payable under the policy.

7. When plaintiff received the competing claim from Elise Schaffer, it requested Ted Schaffer to return the money he had received to enable plaintiff to file this interpleader action. Ted Schaffer voluntarily complied.

8. Thereupon plaintiff deposited into the registry of this court the sum of $101,172.60, the total amount due on the life insurance policy at issue.[2]

In the interpleader complaint, plaintiff seeks (1) adjudication of its interpleader status; (2) an order restraining the defendants from instituting any action against plaintiff for the recovery of any proceeds under the insurance policy at issue; (3) discharge from any and all liability; and (4) recovery of its costs and attorneys' fees.

In her answer, Elise Schaffer did not challenge the relief sought by plaintiff, but asked to have the matter adjudicated in the Circuit Court of Cook County, Chicago, Illinois. Ted Schaffer, however, opposed the discharge, counterclaiming against the plaintiff.

Plaintiff has moved for an order pursuant to Fed.R.Civ.P. 12(b), 28 U.S.C. § 1335, and 28 U.S.C. § 2361, *inter alia*, granting to plaintiff the relief requested in the interpleader complaint, as well as dismissal of Ted Schaffer's counterclaims.

Defendant Ted Schaffer has moved pursuant to Fed.R.Civ.P. 56 for summary judgment.

Finally, defendant Elise Schaffer has petitioned for an order directing the payment to her of one-half of the policy proceeds. Elise Schaffer maintains that the only controversy between the interpleaded defendants concerns the other half of the policy proceeds.

Elise Schaffer contends that Ted Schaffer, without authority and without the decedent's knowledge, altered the beneficiary designation in the application for the insurance policy. She claims that the alteration

---

1. Wehringer Affidavit, ¶ 28 at 5–6, filed with Ted Schaffer's motion for summary judgment, September 30, 1977.

2. Pursuant to my order filed June 1, 1977, these monies were transferred to "day-of-deposit day-of-withdrawal" savings accounts.

was not in the decedent's handwriting, nor was it initialed by him. Ms. Schaffer further contends that in a subsequent application for insurance, the decedent referred to the policy in suit and identified the beneficiary thereof as "Mrs. Elise Schaffer."[3] Ms. Schaffer contends that Ted Schaffer orally represented to the parents of Elise Schaffer as well as to her that she, Elise Schaffer, was the sole beneficiary.

The Federal Interpleader Statute, 28 U.S.C. § 1335(a) provides in pertinent part as follows:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, if . . .
>
> (1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, . . .

Thus, the Federal Interpleader Statute (28 U.S.C. § 1335), sets forth three conditions for the granting of interpleader status and the exercise of original jurisdiction by the district courts: (1) an amount in controversy in excess of $500; (2) the presence of two or more adverse claimants of diverse citizenship who claim or may claim to be entitled to such money or property; and (3) the deposit by the plaintiff of such money or property into the registry of the court. I find that these requirements have been met and that it is appropriate for this action to proceed before me. Elise Schaffer is a citizen of Illinois and Ted Schaffer is a citizen of New York. Plaintiff has deposited the property in issue into the registry of the court and it exceeds $500.

Accordingly, all parties herein and any person acting in their behalf are restrained from continuing or bringing any action, in any court, concerning the right to and distribution of the life insurance policy proceeds which are the subject of this interpleader action. Any action already commenced is to be discontinued and dismissed, leaving the entire resolution of this matter before me.

I decline, however, to discharge plaintiff at this time. While interpleader is properly invoked it may be that the stakeholder is independently liable, and I therefore hold that it should remain in the proceeding to answer to any claim to that effect which discovery may bring to light.[4] See 3A Moore's Federal Practice, ¶ 22.11 at 3086, et seq. (2d ed.1977). Apparently plaintiff questioned the beneficiary designation disclosed in the application of October 12, 1972, but directed the inquiry only to Ted Schaffer, who was at one and the same time plaintiff's employee, the agent who sold the policy in issue, and a designated beneficiary under the policy. In light of the position Ted Schaffer occupied as a designated beneficiary and the apparent alteration, I am uncomfortable with the procedures employed by plaintiff to insure that

---

3. Elise I. Schaffer, Affidavit ¶ 9 at 3–4, filed with Elise Schaffer's Memorandum in Opposition to Ted Schaffer's Motion for Summary Judgment, November 28, 1977 (received with proof of service October 19, 1977).

4. Elise Schaffer has not filed a cross-claim against Ted Schaffer, fearing that such might interfere with her rights in a pending Illinois action. Elise Schaffer's Memorandum in Op-

position to Ted Schaffer's Motion for Summary Judgment, filed November 28, 1977 (received with proof of service October 19, 1977) at 3 and 16. If such claims are asserted, it may be that plaintiff will be held accountable for Ted Schaffer's acts due to the nature of their relationship. See Elise Schaffer's Memorandum, supra at 7, 11, and 16.

the policy was written in accordance with the wishes of the insured. I do note that by letter of January 23, 1973, Frank J. Carbo, president of plaintiff, had asked decedent to review his policy to make certain it was correct in all respects. I am not prepared to hold that this procedure was sufficient as a matter of law to preclude a finding of negligence on the part of the plaintiff.[5] I shall entertain an appropriate motion upon the completion of discovery.

■ Interpleader is a valuable device to enable the resolution of a many sided dispute within a single proceeding. The stakeholder is freed from the vexation of multiple lawsuits and the claimants are benefited in that conflicting claims are expeditiously resolved in one forum. *See generally* 3A *Moore's Federal Practice,* ¶ 22.02 at 3003 *et seq.* and ¶ 22.06 at 3034, *et seq.* (2d ed.1977); *Pennsylvania Fire Insurance Co. v. American Airlines, Inc.,* 184 F.Supp. 145, 146 (E.D. N.Y.1960). Attorneys' fees and costs are awarded to an innocent and otherwise disinterested stakeholder who has been required to expend time and money to participate in a dispute not of his own making and the outcome of which has no impact upon him. *See Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.,* 306 F.2d 188, 193 (9th Cir. 1962); *Klebanoff v. Mutual Life Insurance Company of New York,* 246 F.Supp. 935, 950 (D.Conn.1965), *rem'd on other grounds,* 362 F.2d 975 (2d Cir. 1966). *Cf., Merrimack Mfg. Co. v. Bergman,* 154 F.Supp. 688 (S.D.N.Y.1957). However, in cases in which the claims are of the type that arise in the ordinary course of business, fees should not be granted perfunctorily. Such is a cost of doing business which should not be transferred by invoking interpleader. *Travelers Indemnity Company v. Israel,* 354 F.2d 488, 490 (2d Cir. 1965); *Fidelity & Deposit Co. of Maryland v. A to Z Equipment Corp.,* 258 F.Supp. 862, 863 (E.D.N.Y.1966). Conflicting claims to the

proceeds of a policy are inevitable and normal risks of the insurance business. Interpleader relieves the insurance company of multiple suits and eventuates in its discharge. Accordingly, the action is brought primarily in the company's own self-interest. *Minnesota Mut. Life Ins. Co. v. Gustafson,* 415 F.Supp. 615, 618–19 (N.D.Ill. 1976).

Moreover, as noted above, the plaintiff insurance company may have been responsible in part for this litigation. Certainly more definitive procedures to verify the beneficiary designation could have avoided this dispute. The parties have not addressed the issue of the plaintiff's duty in this regard and the record before me is insufficient for me to determine that issue.

Accordingly, although I am inclined to deny plaintiff's request, I defer decision on the issue of attorneys' fees and costs, *See* 3A *Moore's Federal Practice,* ¶ 22.16[1] at 3137 and ¶ 22.16[2] at 3150 (2d ed.1977).

■ On the basis of the information before me, I hold that this is not an appropriate case for summary judgment, since material factual issues are in dispute. Accordingly, defendant Ted Schaffer's motion for summary judgment is denied.

■ Upon reviewing Ted Schaffer's counterclaim I am unable to recognize a claim upon which relief can be granted. Ted Schaffer alleges that the application for life insurance when accepted by the plaintiff insurer created a contractual obligation to pay the designated beneficiaries as provided therein. Ted Schaffer contends that further agreement to abide by the policy as written was manifested by the original payment of one half the proceeds thereof to Ted Schaffer. He argues that plaintiff's failure to abide by the policy as written and accepted has required him to incur attorneys' fees and costs to secure what properly belongs to him. *See Stuy-*

---

5. Elise Schaffer denies having received this letter, and states that had she seen it she would have assumed "from the language used and the manner in which it avoids the problem to which it is addressed, that it was advertising or 'good will' literature." Elise I. Schaffer, Affida-

vit ¶ 11 at 6, filed with Elise Schaffer's Memorandum in Opposition to Ted Schaffer's Motion for Summary Judgment, November 28, 1977 (received with proof of service October 19, 1977).

vesant Ins. Co. v. Dean Construction Co., 254 F.Supp. 102, 108 (S.D.N.Y.1966), aff'd, 382 F.2d 991 (2d Cir. 1967). Plaintiff in bringing this interpleader action is asking this court to decide the issue of entitlement to the proceeds of the insurance policy, and in my judgment counterclaims cannot be grounded upon adherence to such a statutorily authorized procedure.

■ Upon consideration of the amounts of the conflicting claims and the costs and attorneys' fees likely to be incurred, I find that the entire uncontested portion of the proceeds of the policy, i. e., $50,000 plus interest, is not required to secure the positions of the stakeholder and the adverse claimant, Ted Schaffer. Accordingly, I direct that the sum of Forty-Five Thousand Dollars ($45,000) be paid over to Elise Schaffer from the proceeds on deposit. The remainder of the proceeds will remain on deposit as heretofore directed by me until the resolution of this dispute.

In sum, I find that this action is properly before me as an interpleader action. It is ordered that (1) all parties herein and any person acting on their behalf are restrained from continuing or bringing any action in any court, concerning the right to and distribution of the life insurance policy proceeds which are the subject of this action; (2) any action already commenced is to be discontinued and dismissed, leaving the entire resolution of the matter before me; (3) defendant Ted Schaffer's motion for summary judgment is denied; (4) plaintiff's motion to dismiss defendant Ted Schaffer's counterclaim is granted; (5) plaintiff's request to be discharged is denied with leave to make an appropriate motion upon the completion of discovery; (6) decision on the question of attorneys' fees and costs is deferred; (7) Elise I. Schaffer is to be paid forty-five thousand dollars ($45,000) from the proceeds on deposit; and (8) the remainder of the interpleaded sum shall remain on deposit pursuant to my order of June 1, 1977 until further order.

SO ORDERED.