## In re WATSON SEAFOOD & POULTRY COMPANY, INC., ID#: 56-0576172, Debtor.

### Bankruptcy No. S-83-00734-5.

United States Bankruptcy Court, E.D. North Carolina.

Nov. 3, 1986.

Algernon L. Butler, Jr., Wilmington, N.C., Trustee.

Holmes P. Harden, Raleigh, N.C., for Travelers Indem. Co.

David T. Phillips, Kenansville, N.C., for Phillips Grains, Inc.

## MEMORANDUM OPINION AND ORDER

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the Motion for Award of Attorney's Fees filed on August 27, 1984, by The Travelers Indemnity Company ("Travelers") seeking compensation for the legal fees it incurred in filing a motion for interpleader in this court. Objections to the award of attorney's fees were filed on August 31, 1984, by Algernon L. Butler, Jr., trustee for the chapter 11 debtor, Watson Seafood & Poultry Company, Inc., and on August 28, 1984, by Phillips Grains, Inc., a secured creditor of the chapter 11 debtor. Hearings on the fee application were held in Raleigh, North Carolina, on September 29, 1986, and October 14, 1986.

### FACTS

The debtor filed its voluntary chapter 11 petition on April 21, 1983. On May 16, 1984, Travelers filed its motion for interpleader which, in pertinent part, stated the following:

COMES NOW the The Travelers Indemnity Company ("Travelers"), by and through its undersigned counsel, and files this motion for interpleader pursuant to Rule 22(1), Federal Rules of Civil Procedure, and Bankruptcy Rule 7022. As grounds for this motion, Travelers would show this court the following:

1. Debtor in the above matter is Watson Seafood & Poultry Company, Inc., a corporation, operating under Chapter 11 of the Bankruptcy Code.

2. On June 9, 1981, Travelers issued as surety a grain dealer's bond No. 262F631-5, in the amount of $10,000.00, on behalf of Watson Seafood & Poultry Company, Inc., as principal, in favor of the State of North Carolina as the obligee. On July 24, 1983, Travelers exercised its option to cancel the bond. A copy of the bond and cancellation letter are attached hereto as Exhibit A.

3. As security for the foregoing bond, Travelers was in possession of a certificate of deposit issued by Wachovia Bank

& Trust Company, Certificate No. 6268026645. This certificate of deposit has been redeemed and Travelers is in possession of the proceeds thereof, in the amount of $10,000.00.

4. Travelers has been presented with an apparently legitimate claim against such security by Phillips Grains, Inc., a judgment creditor of the debtor. Phillips Grains, Inc., has demanded payment of the proceeds of the certificate of deposit under the bond. There may be other legitimate claimants against the bond. Travelers concedes that it is liable for payment of $10,000.00 to the debtor's estate, but does not wish to be placed in a position of potential liability in excess of $10,000.00.

5. Since the bond has been cancelled, Travelers has no objection to paying the proceeds of the Certificate of Deposit into the court, in the amount of $10,-000.00.

6. In exchange for such payment, Travelers requests a full and complete release of all liability and claims against Travelers arising from or attributable to the bonded obligation, the debtor's performance thereof, Traveler's execution and performance of its own obligations as bond surety, and from any liability owed to Phillips Grains, Inc., and any other claimant against the bond.

On August 3, 1984, this court granted Travelers' motion for interpleader. (See *Nationwide Mutual Fire Insurance Co. v. Eason,* 736 F.2d 130 (4th Cir.1984), in which the Fourth Circuit held that the bankruptcy court acted properly in granting an interpleader motion under similar facts.) Travelers was ordered to turn over to the court $10,000, which represented the full performance of its obligation as surety under the grain dealer's bond it issued on behalf of the debtor. It was further ordered that Travelers be released from any additional liability arising from the issuance of the bond. This court retained jurisdiction to determine what attorney's

fees Travelers would be entitled to from the funds it turned over to the court.

On August 27, 1984, Travelers filed its motion seeking $924.76 for the legal expenses incurred for "services related to obtaining the [interpleader] order." [1] The chapter 11 trustee and Phillips Grains, Inc. filed objections to the award of attorney's fees on August 31, 1984, and August 28, 1984, respectively.

On July 10, 1986, the trustee filed an application for distribution of the proceeds of the bond. Five creditors of the debtor had filed claims against the interpleaded funds in the following amounts:

| CLAIMANT | AMOUNT OF CLAIM | % OF TOTAL |
|---|---|---|
| Beulaville Milling Co., Inc. | $ 16,781.05 | .0155 |
| J.C. Howard Grain Co. | 673,578.03 | .6230 |
| Phillips Grains, Inc. | 357,812.32 | .3309 |
| Grover Frederick Rhodes | 406.56 | .0004 |
| William Cauley | 32,663.97 | .0302 |
| TOTAL | $1,081,241.93 | 1. |

The trustee proposed a *pro rata* distribution of the funds to the five claimants and, after no objections were received from creditors or other parties in interest, this court approved the proposed distribution by an order filed October 8, 1986. It was also ordered that compensation be paid out of the interpleaded funds in the amount of $522.86 to the trustee and in the amount of $3,307.46 to the attorney for the trustee. Distribution of the funds was ordered delayed until an order was entered with respect to the application for attorney's fees filed by Travelers.

## DISCUSSION AND CONCLUSIONS

An allowance of attorney's fees to an interpleading stakeholder is generally within the discretion of the court. *Abex Corp. v. Ski's Enterprises, Inc.,* 748 F.2d 513 (9th Cir.1984); *Fidelity Bank v. Commonwealth Marine and General Assurance Co.,* 592 F.Supp. 513, 526 (E.D.Pa.1984); *In re Riverfront Food and Beverage Corp.,* 29 B.R. 846, 853 (Bankr.E.D.Mo.1983). The rationale for awarding fees is that the stakeholder benefits claimants by initiating

---

1. Six of the twelve hours of attorney time for which compensation was sought were for time spent preparing the motion for attorney's fees, rather than the motion for interpleader.

a proceeding which will expeditiously resolve competing claims, and that the existence of conflicting claims is not due to any fault of the stakeholder. *Prudential Property & Casualty Co. v. Baton Rouge Bank & Trust Co.*, 537 F.Supp. 1147, 1150 (M.D.Ga.1982); *Aetna Life Insurance Co. v. Outlaw*, 411 F.Supp. 824, 826 (D.Md. 1976); 3A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 22.16[2], at 22–168–170 (2d ed. 1986). However, a number of courts have held that it is not appropriate to award attorney's fees when a stakeholder uses the court to resolve claims which arise in the normal course of the stakeholder's business. *See Travelers Indemnity Co. v. Israel*, 354 F.2d 488 (2d Cir.1965); *Fidelity Bank v. Commonwealth Marine and General Assurance Co.*, 592 F.Supp 513, 526 (E.D.Pa.1984); *Prudential Property & Casualty Co. v. Baton Rouge Bank & Trust Co.*, 537 F.Supp. 1147 (M.D.Ga. 1982); *Mutual of Omaha Insurance Co. v. Dolby*, 531 F.Supp. 511, 517 (E.D.Pa.1982); *Companion Life Insurance Co. v. Schaffer*, 442 F.Supp. 826, 830 (S.D.N.Y.1977); *Minnesota Mutual Life Insurance Co. v. Gustafson*, 415 F.Supp. 615 (N.D.Ill.1976); *Fidelity and Deposit Company of Maryland v. A to Z Equipment Corp.*, 258 F.Supp. 862 (E.D.N.Y.1966). *But see Brose v. International Fidelity Insurance Co.*, 547 F.Supp. 149 (E.D.Pa.1982).

In *Gustafson*, 415 F.Supp. at 618–619, the court explained why fees should not be awarded under these circumstances:

[A]ttorneys' fees should not be granted to the stakeholder as a matter of course in interpleader actions concerning the proceeds of insurance policies. Although it is true that an interpleader action benefits both claimants and the courts by promoting expeditious resolution of the controversy in one forum, the chief beneficiary of an interpleader action is the insurance company. An inevitable and normal risk of the insurance business is the possibility of conflicting claims to the proceeds of a policy. An interpleader

action relieves the company of this risk by eliminating the potential harassment and expense of a multiplicity of claims and suits. Furthermore, it discharges the company from all liability in regard to the fund. It thus seems unreasonable to award an insurance company fees for bringing an action which is primarily in its own self-interest.

In *Travelers Indemnity Co. v. Israel*, 354 F.2d at 490, Judge Friendly, in upholding the district court's denial of an interpleading stakeholder's application for attorney's fees, wrote:

We are not impressed with the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business to [the claimants] by bringing an action for interpleader.

The court in *Fidelity and Deposit Company of Maryland v. A to Z Equipment Corp.*, 258 F.Supp. 862 (E.D.N.Y.1966), cited *Israel* in denying an application for attorney's fees on facts similar to those in the present case. The interpleading party had issued a surety bond on behalf of a ship repair company which accompanied a contract for the repair of a vessel. The interpleader action was instituted when the ship repair company was adjudicated a bankrupt and unpaid subcontractors filed claims. The court denied the surety's application for attorney's fees, holding that the surety's ordinary costs in transacting its business could not be taxed to the claimants.

This court agrees with the reasoning of *Gustafson*, *Israel*, and *A to Z Equipment Corp.*, and finds it applicable to the present case. No circumstances have been alleged, and none are apparent, which would remove the facts which gave rise to the interpleader in this case from the ordinary course of Travelers' business.[2] Accordingly,

---

2. The debtor was required by North Carolina law to purchase the grain dealer's bond that was the subject of the interpleader motion. N.C.

GEN.STAT. § 106–602; *Nationwide Mutual Fire Insurance Co. v. Eason*, 736 F.2d 130 (4th Cir. 1984). Although state law is not the basis of

IT IS HEREBY ORDERED that the Motion for Award of Attorney's Fees filed by The Travelers Indemnity Company is DENIED.

this court's decision to deny attorney's fees, it should be noted that a party who successfully moves for interpleader is not entitled to attorney's fees under North Carolina law. *Metropolitan Life Insurance Co. v. Jordan,* 221 F.Supp. 842 (W.D.N.C.1963). North Carolina has long held that a successful litigant may not recover attorney's fees unless the recovery is expressly authorized by statute. *Fedoronko v. American Defender Life Insurance Co.,* 69 N.C.App. 655, 318 S.E.2d 244 (1984). No North Carolina statute has been found which could be the basis for an award of attorney's fees in this case.