**LIFE INSURANCE COMPANY OF NORTH AMERICA, Plaintiff,**

v.

**Erasmo EUFRACIO, Charlene Baas and Ronald Baas, Defendants.**

**No. C13–3023–DEO.**

United States District Court,
N.D. Iowa,
Central Division.

Signed June 17, 2014.

---

Daniel P. Kresowik, Stanley, Lande & Hunter, Davenport, IA, Daniel Keenan Ryan, Hinshaw & Culbertson, LLP, Chicago, IL, Michael T. Berger, Hinshaw & Culbertson, LLP, Minneapolis, MN, for Plaintiff.

Steven E. Ballard, Leff Law Firm, LLP, Iowa City, IA, for Defendants.

Erasmo Eufracio, Mexico, pro se.

## ORDER

LEONARD T. STRAND, United States Magistrate Judge.

This case is before me on plaintiff's application (Doc. No. 35) to recover costs and attorney fees. Defendants Charlene Baas and Ronald Baas have filed a resistance (Doc. No. 42). Defendant Erasmo Eufracio has not filed a response to the motion. No party has requested oral argument and, in any event, I find that oral argument is not necessary. *See* L.R. 7(c). The application is fully submitted.

### *RELEVANT BACKGROUND*

Plaintiff Life Insurance Company of North America (LINA) filed this interpleader action on May 7, 2013. According to the complaint and its exhibits, Nicole Eufracio died in a car accident on October 31, 2012, at the age of 27. She was insured through her employer under a group life insurance policy issued by LINA. A death benefit is payable in the amount of $31,000.00.[1]

Under the terms of the policy, Erasmo Eufracio would be entitled to those proceeds if he was validly married to Nicole at the time of her death. Charlene and Ronald Baas, who are Nicole's parents, claim that Nicole and Erasmo were not legally married at the time of Nicole's death. If they are correct, then they contend that they are entitled to the insurance proceeds. Faced with these competing claims, LINA filed this action. Its complaint seeks leave to deposit the disputed proceeds with the Clerk and requests an order, pursuant to 28 U.S.C. § 2361, en-

joining the defendants from filing separate actions against LINA under the policy. Doc. No. 2.

Charlene and Ronald Baas filed an answer on June 6, 2013, making it clear that they do, indeed, seek recovery of the proceeds on grounds that Nicole and Erasmo were not validly married, or were in the process of dissolving the marriage, at the time of Nicole's death. Doc. No. 8. Erasmo, a resident of Mexico, then filed his *pro se* answer on October 16, 2013. Doc. No. 12. He, too, confirms that he seeks recovery of the insurance proceeds and contends that Nicole was his lawful spouse at the time of her death. *Id.* at 2–4. Trial is scheduled to begin on October 27, 2014.

LINA moved for, and eventually obtained, an order permitting it to deposit the proceeds, discharging it from further obligations under the policy and awarding costs and attorney fees. *See* Doc. Nos. 13, 14, 16, 17, 19, 30 and 31.[2] None of the defendants resisted LINA's motion. The final order granting LINA's motion was filed March 5, 2014, and stated, *inter alia,* that LINA is entitled, upon application, to recover its reasonable costs and attorney fees in connection with this interpleader action. *See* Doc. No. 31. LINA then deposited $31,000 with the Clerk on March 14, 2014.

LINA filed its motion for attorney fees on April 10, 2014, and supplemented it (at the court's request) on April 28, 2014. Doc. Nos. 35, 37, 39. LINA seeks to recover attorney fees in the amount of $8,799.50 and expenses in the amount of $8,478.92, for a total of $17,278.42. Doc.

---

1. LINA originally plead the amount as being $31,262.40, but later indicated that the correct amount payable under the policy is $31,000.00. *See* Doc. Nos. 2, 30.

2. Obtaining the order involved several missteps on LINA's part, including (a) filing the

motion before Erasmo had been properly served with the summons and complaint and (b) making an incorrect representation as to the amount due under the policy. *See* Doc. Nos. 13, 14, 16, 17, 19 and 30.

Nos. 35, 39. Charlene and Ronald Baas filed their resistance on May 15, 2014. While they do not deny that LINA has the right to recover some amount of fees and expenses, they contend that the amount claimed is excessive under the circumstances. Doc. No. 42. LINA did not file a reply.

### DISCUSSION

As noted above, LINA's right to recover a reasonable amount of attorney fees and expenses is not in dispute and, indeed, has been established by prior order. Doc. No. 31. In determining that "reasonable" amount, however, it is helpful to consider the rationale for allowing the recovery.

■ No rule or statute permits an interpleader plaintiff to recover its attorney fees. Normally, this lack of authorization would preclude such a recovery. *See, e.g., Doe v. Nixon,* 716 F.3d 1041, 1048 (8th Cir.2013) (describing the so-called "American Rule," pursuant to which each party bears its own attorney fees unless Congress has provided "explicit statutory authority for awarding fees to a prevailing party") (quoting *Buckhannon Bd. and Care Home, Inc. v. W.Va. Dep't of Health and Human Res.,* 532 U.S. 598, 602, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)). However, federal courts have traditionally relied on the equitable nature of the interpleader remedy to allow a "modest" award of attorney fees despite the lack of statutory authority. The Eighth Circuit Court of Appeals explained as follows, over seventy years ago:

> The remedy of interpleader should, of course, be a simple, speedy, efficient and economical remedy. Under ordinary circumstances there would be no justification for seriously depleting the fund deposited in court by a stakeholder through the allowance of large fees to his counsel. The institution of a suit in

interpleader, including the depositing of the fund in the registry of the court and the procuring of an order of discharge of the stakeholder from further liability, does not usually involve any great amount of skill, labor or responsibility, and, while a completely disinterested stakeholder should not ordinarily be out of pocket for the necessary expenses and attorney's fees incurred by him, the amount allowed for such fees should be modest.

*Hunter v. Federal Life Ins. Co.,* 111 F.2d 551, 557 (8th Cir.1940); *accord The Equitable Life Assur. Soc'y of the United States v. Miller,* 229 F.Supp. 1018, 1020–21 (D.Minn.1964) (acknowledging that attorney fees may be recovered but noting that the awards are "generally modest").

Here, LINA seeks an award of attorney fees and expenses equal to nearly 56% of the fund it has deposited with the court. Such an award would "seriously deplete" the fund, a result that is not favored. *See Hunter,* 111 F.2d at 557. Thus, a close examination of LINA's claim is necessary. Moreover, I note that some federal courts have questioned whether attorney fees are appropriate when a plaintiff files an interpleader action to obtain the court's assistance concerning a decision arising in the normal course of business, or otherwise realizes benefits from the interpleader remedy. For example, *Sun Life Assur. Co. of Canada v. Thomas,* 735 F.Supp. 730 (W.D.Mich.1990), presented a factual scenario analogous to that present here, with a group life insurer commencing an interpleader action after an insured died in an automobile accident. The court denied the plaintiff's request for attorney fees, stating:

> In addition to requesting a discharge from liability, Sun Life also seeks to recover the attorney's fees and costs it incurred in bringing this interpleader

action. Attorney's fees and costs are to be awarded to an innocent and otherwise disinterested stakeholder who has been required to expend time and money to participate in a dispute not of his own making and the outcome of which has no impact upon him. *Companion Life Ins. Co. v. Schaffer,* 442 F.Supp. 826, 830 (S.D.N.Y.1977) (citing cases). However, courts are reluctant to award fees in cases where the claims are of the type that arise in the ordinary course of the stakeholder's business. *Id.* (citing cases).

Conflicting claims to benefits owed to beneficiaries under an employee welfare benefit plan, such as a group life insurance policy, are inevitable. These potential conflicts are part of the business risk assumed by one who provides such policies. Given that interpleader frees the stakeholder from the vexation of multiple suits and liability, an interpleader action brought by the provider of an employee welfare benefit plan or an insurance company is brought primarily in the company's own self-interest. *Minnesota Mut. Life Ins. Co. v. Gustafson,* 415 F.Supp. 615, 618–19 (N.D.Ill.1976). Since the initiation of this action is beneficial to Sun Life and in its own self-interest, the Court denies the request for attorney's fees and costs. *Id.* at 733. Several other federal courts have reached similar conclusions. *See, e.g., In re Mandalay Shores Coop. Hous. Ass'n,* 21 F.3d 380, 383 (11th Cir.1994) (recognizing a "normal course of business" exception to an award of attorney fees in an interpleader action); *Emcasco Ins. Co. v. Davis,* 753 F.Supp. 1458, 1464–65 (W.D.Ark.1990); *Fidelity Bank v. Commonwealth Marine & Gen. Assur. Co.,* 592 F.Supp. 513, 525–26 (E.D.Pa.1984).

These authorities call into question whether LINA should recover *any* of its attorney fees and case-related expenses. However, because no defendant resisted LINA's request for an order allowing such a recovery, and because Charlene and Ronald Baas simply object to the amount LINA claims, I find that LINA is entitled to an award in some amount. However, the principles discussed above are instructive when considering the amount of LINA's request.

LINA seeks recovery for a total of 36.7 hours spent on this matter by its Minnesota attorneys, at rates ranging from $225 to $275 per `hour, for a total of $8,799.50. Doc. No. 39 at 1–2. I find that the hourly rates are consistent with those charged by similarly-situated attorneys in this legal market and, therefore, are appropriate. I will address the amount of hours below. In addition, LINA seeks to recover $8,478.92 in out-of-pocket expenses. The legal services and expenses fall into the following categories: (1) locating and serving Erasmo Eufracio, (2) legal research and drafting, (3) local counsel fees and (4) miscellaneous other fees. I will review each category separately:

■ *Locating and Serving Erasmo Eufracio.* The majority of the claimed hours of attorney time relate to the fact that, defendant Erasmo Eufracio resides in Mexico. A significant amount of investigation and research was undertaken to locate and serve him. Indeed, LINA's counsel state that their efforts to find Erasmo and serve him in Mexico pursuant to the Hague Convention constitute $5,077.50 of LINA's attorney fee claim (approximately 58 %). *Id.* Moreover, LINA spent another $7000.00 in out-of-pocket expenses paid to an investigator and translation firm to obtain valid service on Erasmo. *Id.* at 2.

Thus, with a total amount in dispute of just $31,000.00, LINA spent over $12,000.00 just to serve Erasmo and, therefore, arguably bind him to the out-

come of this case. Perhaps that entire expense was necessary. Indeed, I have no reason to doubt that the claimed attorney hours and out-of-pocket expenses were actually spent. However, under the circumstances present here I find that the vast majority of these fees and expenses should be borne by LINA, not charged to the deposited proceeds.

First, such a charge would "seriously deplete" the fund and, in comparison to the fund, is hardly "modest." Second, by locating and serving Erasmo, and subsequently obtaining an order (Doc. No. 31) that discharges its liability and protects it from further claims by Erasmo, LINA has obtained a valuable benefit. Third, all insurance carriers deal with disputed and questionable claims. Investigating and resolving those matters are costs of doing business. Here, those costs happened to be higher because one of the claiming parties resides in another country. Nonetheless, I find that the vast majority of those costs should be borne by LINA in the normal course of its business.

In a typical lawsuit, the attorney fees and expenses necessary to locate a defendant and effectuate service should not exceed $1,000.00 (and, in many cases, are far less). I find that LINA is entitled to recover that amount from the deposited proceeds. The remainder of the attorney fees and expenses LINA incurred to find and serve shall remain LINA's responsibility.

■ *Legal Research and Drafting.* LINA's counsel state that they spent 15.4 hours drafting pleadings, motions and briefs for a total cost of $3,587.00, plus 0.6 hours for legal research (not relating to service on Erasmo) for a total cost of $135.00. Doc. No. 39 at 1. In reviewing the itemized invoices, I find nothing unreasonable about this aspect of LINA's claim and conclude that these services are typical of those necessary to file and prosecute a standard interpleader action. Moreover, I note that LINA does not seek to recover fees relating to the multiple efforts its counsel had to make to correct errors concerning LINA's motion for leave to deposit funds and obtain a discharge. Omitting the time spent on those efforts was the correct, and professional, approach. I find that LINA is entitled to recover $3,722.00 from the deposited proceeds for attorney fees arising from legal research and the drafting of pleadings, motions and briefs.

■ *Local Counsel Expenses.* LINA seeks to recover $1,431.47 paid to its Iowa attorneys to assist in the prosecution of this action. Doc. No. 39 at 2. However, LINA has not submitted itemized invoices showing the services performed by its Iowa counsel. As LINA was previously advised, this court will not award attorney fees without itemized invoices. *See* Doc. No. 37; *accord* L.R. 54.1. The absence of those invoices makes it impossible to determine if the charges are reasonable and/or if any of the services performed were duplicative. LINA has not demonstrated that it is entitled to recover any amounts paid to its Iowa counsel from the deposited proceeds.

■ *Other Fees.* LINA states that it paid court filing fees of $28.15 and FedEx mailing fees of $19.30. Doc. No. 39 at 2. Despite careful review of LINA's supporting documentation, I am unable to locate these specific items.[3] Moreover, I suspect that they relate, to some extent, to the process of locating and serving Erasmo and, therefore, are encompassed by the $1000.00 award concerning those efforts,

---

**3.** LINA submitted a FedEx invoice showing charges in the amount of $84.74, which does not match the amount of its claim. *See* Doc. No. 39–1 at 34–35.

as discussed above. For these reasons, LINA's claim for recovery of these additional fees is denied.

### CONCLUSION

For the reasons set forth herein, LINA's application (Doc. No. 35) to recover costs and attorney fees from the proceeds on deposit with the Clerk is **granted in part** and **denied in part**. LINA may recover a total of ***Four Thousand Seven Hundred Twenty Two Dollars and Zero Cents ($4,722.00)*** from those proceeds. The Clerk shall issue payment to LINA in that amount. The remaining balance shall remain on deposit with the Court Registry Investment System administrated by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 2045, pending further order of the court.

**IT IS SO ORDERED.**