The **PAUL REVERE LIFE INSURANCE COMPANY, Worcester, Massachusetts, Plaintiff,**

v.

**Blanche Marie RIDDLE, etc., Defendant.**

Civ. A. No. 1650.

United States District Court
E. D. Tennessee,
Northeastern Division.

Oct. 30, 1963.

Ernest F. Smith, Kingsport, Tenn., for plaintiff.

William H. Cate, Kingsport, Tenn., for defendant.

NEESE, District Judge.

■ The plaintiff, as stakeholder of the proceeds of an insurance policy, brought this action in interpleader to obtain the judgment of this court as between two adversaries claiming the money involved, 28 U.S.C. § 1335. This the plaintiff had a right to do to protect itself from the expense of defending twice and from the possibility of double liability. New York Life Insurance Company v. Welch (1961), 111 U.S.App.D.C. 876, 297 F.2d 787, 790 [1, 2].

The gist of one of the claims against the fund narrowed to the point of whether such claimant would be able to rebut successfully the presumption that two persons, dying as a result of the same accident, had died simultaneously. Counsel for such claimant admitted candidly at the pretrial conference herein that there was not a scintilla of evidence available to his client to overcome such presumption.

During the pretrial conference, the Court ordered entry of a judgment for the money deposited in the registry of the court by the plaintiff in favor of the defendant Blanche Marie Riddle, administratrix of the insured's estate, less any amounts with which the said fund might be impressed by the Court to defray the interpleader's costs, expenses and attorneys' fees incident to this proceeding.

■ Whether such counsel fees, expenses and costs shall be allowed to an interpleader involves judicial discretion; rarely are they allowed merely as a matter of course. United States for Use and Benefit of General Elec. Co. v. Browne Electric Company, D.C.Va. (1959), 168 F.Supp. 806, 808, citing Bank of China v. Wells Fargo Bank & Union Trust Company, C.A.9th (1953), 209 F.2d 467, 476-477, 48 A.L.R.2d 172.

This Court is of the opinion that more than a cursory investigation of the facts by the plaintiff in this action would have resulted in its reasonable conclusion that the airplane accident, in which the insured and the named beneficiary in its insurance contract died, was of such nature that nothing but simultaneous death of those persons could have been reasonably presumed. Thus, the Court is of the further opinion that the plaintiff was never in any real danger of double liability under its contract. While the defendant Blanche Marie Riddle, as administratrix of the insured's estate, filed an action in a state court to recover the proceeds interpleaded herein, this Court cannot conclude that any second suit was ever seriously contemplated by counsel for another claimant.

■ The plaintiff, being confronted with the business judgment involved in deciding whether to pay the proceeds over to the suing claimant with, or without, benefit of a judicial determination, decided to invoke judicial processes for its own protection. The plaintiff then lacked cause to anticipate that the interpleaded fund would be impressed with the cost and expenses of the interpleading action. The plaintiff had a right as a stakeholder, acting in good faith, to maintain this action in interpleader to avoid the vexation and expense of resisting the adverse claims, even though its officials believed only one of them was meritorious. Hunter v. Federal Life Ins. Co., C.A.8th (1940), 111 F.2d 551, 556; but that right did not include a further right to impress the fund with the expense of interpleading it.

If the rule were otherwise, every stakeholder confronted with two or more adverse claimants who are claiming, or might claim, to be entitled to money or property could interplead the fund, depositing it in the registry of the court, gain the protection afforded the stakeholder by an adjudication, and, in effect, cause the successful claimant to bear the costs, counsel fees and expenses of the interpleading action.

The Court, accordingly, adjudges that the plaintiff is not entitled to recover out of the fund it paid into the registry of this court its costs, expenses and counsel fees attending this proceeding.

The fee of William S. Todd, Esquire, who was appointed a guardian ad litem herein on the suggestion of the plaintiff and the successful defendant, hereby is fixed at $50.00 (fifty dollars). It hereby is

Ordered that the clerk pay the fee of the guardian ad litem fixed herein and then pay over the remainder of the fund deposited by the plaintiff to the defendant Blanche Marie Riddle, as administratrix of the estate of the insured.