BACHE HALSEY STUART SHIELDS INCORPORATED, Plaintiff,

v.

Gisela GARMAISE, Arthur Garmaise, Tamar Garmaise, Rachel Gewurz, a/k/a Regina Gewurz, Samuel Gewurz, Werner Gewurz, Fernande Izraeli, Peter Ritter, Louis Drazin, Amnon Rafael, Michael Caspi, G.I.T. International Trust, Shardana Establishment, Golden Life Establishment, Wasco Foundation, Sidney Mauriber, and the National Bank of Liechtenstein, Defendants.

81 Civ. 0408.

United States District Court, S. D. New York.

April 2, 1982.

Miller, Wrubel & Dubroff, New York City, for plaintiff; Joel M. Miller, Martin D. Edel, New York City, of counsel.

Willkie, Farr & Gallagher, New York City, for defendants Gewurz, Izraeli, Ritter,

G.I.T., Shardana, Golden Life and Wasco; Chester J. Straub, Michael C. Lambert, Brian E. O'Connor, New York City, of counsel.

OPINION

EDWARD WEINFELD, District Judge.

Familiarity is assumed with this Court's opinion which granted plaintiff's motion for interpleader relief pursuant to 28 U.S.C., sections 1335 and 1655. The Court noted that plaintiff, a "disinterested stakeholder [is] caught in the crossfire of a bitter family feud. It is confronted with a series of Hobson's choices which may subject it to substantial claims upon complying with any of the various demands of the claimants." [1]

Pursuant to the order and judgment of interpleader, Bache deposited the interpleaded assets into the registry of this Court. There can be no doubt that Bache was put to substantial legal and other expenses by the parties' intransigent attitude and their conflicting demands.

The legal services required in protecting the assets are set forth at length in the affidavits submitted in support of the instant application by Bache for reimbursement of costs, expenses and attorneys' fees in complying with the orders and judgment of this Court. Bache seeks reimbursement in the total sum of $49,332.07 itemized as follows:

$10,250 for legal fees plus $864.16, a total of $11,114.16, in connection with the Surrogate's Court proceeding referred to in this Court's opinion;

$17,825 for legal fees and $4,142.91, a total of $21,967.91 incurred in this interpleader action and in connection with the order of judgment entered thereunder;

$6,250 for legal fees incurred and to be incurred in complying with this Court's order and judgment of August 28, 1981;

$10,000 interdepartmental expenses necessarily incurred by Bache in order to comply with the Court's order which entailed services with respect to the endorsement of various certificates for each of the securities in the interpleaded account, and to obtain proper bearer bond certificates and to update all dividend and other distribution information. This required Bache, on several occasions during this period, to run its computers out-of-sequence and at great cost to generate accurate and proper accounting statements for each of the interpleaded accounts and for each of the new accounts in the name of the Clerk of the Court.

Bache was a faithful trustee who, despite the antagonistic attitude of the various claimants toward one another, fully protected the corpus of the trust and, indeed, under its discretionary power, as to a portion of the securities, enhanced the value thereof. The fund deposited with the registry of this Court at or about the time of its deposit was valued at $4,042,634.

The Gewurz defendants now joined by the Garmaise defendants, urge that the motion for allowance of fees, costs and disbursements is premature since "it cannot be determined whether Bache was confronted with a major threat of double liability or whether Bache could have with reasonable diligence ascertained the rightful owners of the disputed assets." The plea is specious. As this Court noted in granting the order of interpleader:

Given the previous changes of position by the National Bank of Liechtenstein and the Gewurz defendants, Bache is uncertain as to a reasonably prudent course of action. The Garmaise defendants have consistently threatened legal action against Bache if Bache transfers the assets contrary to their instructions. Although they are not signatories to the accounts, Bache is not required to evaluate the merits of their conflicting claims at its peril; rather, it need only have a good-faith concern of expensive litigation and multiple liability if it responds to the instructions of certain claimants and not others. That its concern is real and not

---

1. *Bache Halsey Stuart Shields Inc. v. Garmaise*, 519 F.Supp. 682, 684 (S.D.N.Y.1981).

fancied can hardly be disputed. This is precisely the kind of case for which the equitable remedy of interpleader is designed.[2]

The members of this litigious family may carry on their bitter internecine legal warfare as suits their mood but they have no right to foist the expenses of their hostilities upon an innocent stakeholder such as Bache.[3]

The motion is granted only to the extent hereafter indicated. The Court is of the view that $11,114.16 sought in connection with the Surrogate's Court proceeding which was antecedent to this interpleader action and not directly related to it, is not compensable herein; accordingly, that item is disallowed but without prejudice to any action or proceeding by Bache to recover the fees and expenses attributable to that proceeding. The Court deems the sum of $6,250 in connection with this motion for allowance of fees as excessive. The Court allows the sum of $2,500.

As to the balance of its claim, the Court finds that the services rendered were required, that the amounts requested are fair and reasonable and, accordingly, plaintiff is allowed the sum of $34,467.91.

So ordered.

---

2. *Id.* at 684.

3. *See A/S Kredit Pank v. Chase Manhattan Bank*, 303 F.2d 648 (2d Cir. 1962) (a party properly invoking interpleader is entitled to costs and attorneys' fees); *Globe Indemnity Co. v. Puget Sound Co.*, 154 F.2d 249, 250 (2d Cir. 1946) (plaintiff in interpleader is entitled to costs (usually including a reasonable attorney's fee) to be paid out of the fund brought into the court)); *see also Sprague v. Ticonic National Bank*, 307 U.S. 161, 165–67, 59 S.Ct. 777, 779, 83 L.Ed. 1184 (1939).