SPARTA FLORIDA MUSIC GROUP, LTD., Plaintiff,

v.

CHRYSALIS RECORDS, INC., Defendant,

v.

PUSH MUSIC PUBLISHING CO. and B & C Music Company, Defendants on Counterclaim.

No. 81 Civ. 6241(MEL).

United States District Court, S.D. New York.

Dec. 17, 1982.

Walter Hofer, New York City, for plaintiff; Jeffrey L. Ringler, New York City, of counsel.

Weil, Gotshal & Manges, New York City, for defendant.

Abeles, Clark & Osterberg, New York City, for defendants on counterclaim.

LASKER, District Judge.

This action involves a dispute over the rights to royalties from the sale of a "hit" record. Sparta Florida Music Group, Ltd. ("Sparta") claims that the author of the song, John Holt, assigned to it all of his rights to proceeds from the song. Sparta then licensed Chrysalis Records, Inc. ("Chrysalis") to manufacture the records and remit royalties to Sparta. Chrysalis has not remitted royalties to Sparta because two other companies, Push Music Publishing Co. ("Push") and B & C Music Co. ("B & C") are also asserting rights to the royalties. B & C and Push have been joined in the action by interpleader.

Push asserts that Holt wrote the song with two other individuals, Howard Barrett and Tyrone Evans, and that Barrett and Evans assigned their rights to proceeds from the record to Push. B & C claims that Holt assigned his rights to the record to B & C prior to the time that he made the assignment to Sparta. Barrett, Evans and Holt were at one time members of the same singing group in Jamaica. Currently, they are all residing in New York. (Affidavits of Barrett and Evans.)

Chrysalis concedes its liability for the royalties and has been paying the sums in question into the registry of the Court pending adjudication of the question as to whom they are due.

Sparta moves to dismiss the action without prejudice pursuant to Rule 41(a)(2) or, in the alternative, in accordance with the doctrine of forum non conveniens. Sparta contends that the action should be conducted in Great Britain, because Sparta, B & C and Push all do business in Great Britain, and none do business in New York. Also, one of the facts giving rise to the action took place in New York. Sparta also contends that certain of its witnesses reside in Great Britain.

B & C and Push answer that Barrett and Evans are in New York and cannot afford to travel to Great Britain to litigate. Sparta replies that their testimony can be preserved by deposition.

The party moving for dismissal on grounds of forum non conveniens is Sparta, the plaintiff, the party that chose the forum in the first place. Ordinarily, such motions are brought by defendants. It is puzzling that Sparta brought the action here if they think it should be litigated elsewhere.

The underlying question of fact on which this case turns is the authorship of the subject composition. The testimony of Bar-

rett, Evans and Holt will be critical on that question and credibility may well be of great importance. All three reside in New York.[1] On a question as to which credibility may be of great significance, the use of deposition testimony may create a substantial hindrance to the finder of fact.

The points as to which Sparta's British witnesses seek to testify are subsidiary to the main issue of authorship. For example, testimony that would testify "as to the history of previous claims made by B & C and Push," as "to the absence of any previous claims by Barrett and Evans," and as to Chrysalis' reasons for refusing to honor the claims of B & C and Push would appear far more appropriate subjects for deposition testimony.

■ The only claim made by Sparta in support of its forum non conveniens motion is that the parties and witnesses would be substantially inconvenienced by trial in New York. That contention is unpersuasive, and the motion is denied.

■ The motion for voluntary dismissal without prejudice is also denied. Push and B & C have counterclaimed for declaratory judgment as to their rights to royalties. No reason has been given why that claim should be dismissed, and it would appear that Sparta's claims against Chrysalis involve the same questions as the counterclaim. Moreover, as Chrysalis persuasively argues, to dismiss Sparta's claim while allowing the counterclaims to continue would be to risk subjecting Chrysalis to inconsistent judgments—the very risk that the rules of interpleader were created to avoid.

\* \* \*

■ Chrysalis moves for attorney's fees and costs, to be paid out of the interpleader fund. Ordinarily, a "disinterested and innocent" stakeholder is entitled to costs and

---

1. According to the affidavit of Sparta's counsel, Holt resides in Great Britain. However, the affidavits of Barrett and Evans state that Holt lives in New York, and that they have visited him at his home there on several occasions. The affidavits are not necessarily inconsistent—Holt may reside in both places. He has not denied that he resides in New York, and we will assume for present purposes that the Barrett and Evans affidavits are truthful.

attorneys fees. *A/S Krediit Pank v. Chase Manhattan Bank,* 303 F.2d 648, 649 (2d Cir. 1962). However,

> "[I]n cases in which the claims are of the type that arise in the ordinary course of business, fees should not be granted perfunctorily. Such is a cost of doing business which should not be transferred by invoking interpleader."

*Companion Life Ins. Co. v. Schaffer,* 442 F.Supp. 826 (S.D.N.Y.1977) *citing Travelers Indemnity Co. v. Israel,* 354 F.2d 488, 490 (2d Cir.1965).

Counsel for Push and B & C states that, on the basis of his lengthy experience in music cases:

> "Disputes as to ownership of musical compositions, the withholding of royalties by record companies pending resolution of such disputes and actions against record companies to collect royalties are a fact of life in the record business."

(Affidavit of John S. Clark, ¶ 5.)

■ On the present record, it is impossible to determine whether the instant action is a claim of the sort which arises "in the ordinary course" of the music business. The motion for costs and fees is denied without prejudice.

\*　　\*　　\*

Sparta's motion to dismiss is denied. Chrysalis' cross-motion for fees is denied.

It is so ordered.