**SPARTA FLORIDA MUSIC GROUP, LTD., Plaintiff,**

v.

**CHRYSALIS RECORDS, INC., Defendant.**

v.

**PUSH–MUSIC PUBLISHING CO., and B & C Music Company, Defendants on Counterclaim.**

**No. 81 Civ. 6241(MEL).**

United States District Court, S.D. New York.

July 5, 1983.

See also, D.C., 552 F.Supp. 44.

Walter Hofer, New York City, for plaintiff; Milton I. Rothman, New York City, of counsel.

Weil, Gotshal & Manges, New York City, for defendant.

LASKER, District Judge.

This case involves a dispute over the rights to royalties from the sale of a "hit" record.

Sparta Florida Group, Ltd. ("Sparta") brought this action against Chrysalis Records, Inc. ("Chrysalis") when Chrysalis refused to remit to Sparta royalties earned from the record. Chrysalis has not remitted royalties to Sparta because two other companies, Push Publishing Co. ("Push") and B & C Music Co. ("B & C"), are also asserting rights to the royalties. After Sparta filed its complaint against Chrysalis, Chrysalis brought an interpleader action against Push and B & C. Chrysalis concedes its liability for the royalties and has been paying the sums in question to the Clerk of the Court pending adjudication of the question as to whom they are due.

Chrysalis filed a motion for reimbursement of attorneys fees in August 1982. The motion was denied without prejudice because the record did not establish whether Chrysalis, in the ordinary course of its business, due to its involvement in disputes between copyright claimants, normally incurs the cost of an attorney. (Endorsement, Dec. 17, 1982). 552 F.Supp. 44.

Chrysalis now renews its motion for attorneys fees and costs and moves pursuant to Fed.R.Civ.Pro. 12(b)(6) for an order dismissing it from this action.

According to Chrysalis' Vice President in charge of Financial Administration,

"... this is the only litigation in the past 6 years in which Chrysalis has been involved. On those few occasions when some conflict does arise and it is not resolved prior to release of the composition in issue, the regular practice in this industry, followed by Chrysalis in this instance, is to withhold the payment of royalties pending the resolution of the dispute; the record company does not expect to be brought into court as a result."

(Affidavit of Paul Hutchinson, ¶ 4).

Sparta contends that conflicting claims to copyright earnings are inevitable and normal risks of the music business. Sparta also claims that the interpleader action relieves Chrysalis of these risks by eliminating the potential harassment and expense of multiple claims and suits. Thus, according to Sparta, it is unreasonable to award a record company fees for bringing the interpleader action which is primarily in its own self-interest.

■ A disinterested and innocent stakeholder, who has been required to expend time and money to participate in a dispute not of his own making and the outcome of which has no impact upon him, is entitled to costs and attorneys fees. However, costs and attorneys fees incurred in contesting claims which arise in the ordinary course of business may not be transferred by invoking interpleader. *Companion Life Ins. Co. v. Schaffer,* 442 F.Supp. 826, 830 (S.D.N.Y.1977) *citing Travelers In-*demnity Co. v. Israel, 354 F.2d 488, 490 (2d Cir.1965).

■ In determining whether Chrysalis is entitled to attorneys fees and costs under the circumstances, the question is whether the costs and fees resulting from a dispute between copyright claimants are ordinary "costs of doing business" for the company and as a matter of industry practice. *See Travelers Indemnity, supra* at 490. Chrysalis and Sparta are in agreement that copyright disputes frequently arise in the music business. *See* Affidavit of Paul Hutchinson, ¶ 3; Affidavit of Milton I. Rothman, ¶ 7. However, Chrysalis' contention that such disputes have rarely involved legal action and consequent expenditure of attorneys fees on its part is uncontested. Thus, even though copyright disputes may be regular occurrences, Chrysalis has established that legal costs and fees arising out of such disputes are unusual, and are not ordinary business expenses. Chrysalis' motion for attorneys fees is therefore granted.

■ Chrysalis' motion for dismissal of this action as to it is also granted. The underlying question of fact on which this case turns is the authorship of the copyrighted work. The adjudication of that question involves only the respective claimants to ownership, not a disinterested stakeholder such as Chrysalis. In fact, there are no disputes involving the amount in the interpleader fund. The record shows that Chrysalis concedes liability for the royalties and is ready to make payment to the rightful copyright owner.

Chrysalis' motion for attorneys fees and to dismiss is granted. Submit judgment on notice with supporting affidavits detailing the amount of fees and costs incurred.

It is so ordered.