**Kevin J. COGAN, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

Civ. A. No. S86–1016(G).

United States District Court,
S.D. Mississippi, S.D.

Feb. 23, 1987.

Robert H. Tyler, Ronald S. Cochran, Biloxi, Miss., for plaintiff.

Stephen R. Graben, Asst. U.S. Atty., Biloxi, Miss., Richard H. Taylor, Mobile, Ala., for defendants.

### ORDER

GEX, District Judge.

This matter is before the Court on Defendant Progressive Casualty Insurance Company's interpleader counterclaim and motion for attorney's fees and costs. This suit was filed by the Plaintiff, Kevin J. Cogan, as a declaratory judgment action against the United States of America (United States Navy) and Progressive Casualty to determine the rights and responsibilities of the parties with respect to the proceeds from an automobile insurance policy which afforded Plaintiff coverage in the amount of $20,000 for bodily injury. On May 7, 1985, Plaintiff was involved in a motor vehicle accident caused by the negligence of an uninsured motorist. The Defendant, United States of America, provided medical care and services to the Plaintiff and has

asserted a lien in excess of $15,000 in order to secure payment of same. Plaintiff contends this lien is invalid. Plaintiff has alleged in his Complaint that he has compromised and settled his claim with Progressive Casualty for the policy limits, and Progressive Casualty has admitted in its answer that the $20,000 in proceeds from the policy were due and owing to one or more of the other parties to this suit, but that it was unsure as to the amount owing, if any, to the respective parties. The proceeds have been interpled into the Registry of the Court. Progressive Casualty now seeks an Order dismissing it from this suit. Plaintiff does not oppose such dismissal, although it does oppose Progressive Casualty's attempt to have its attorney's fees and costs paid from the interpled sum.

The Court has reviewed the relevant authorities and concludes, in light of the facts and posture of this case, that Progressive Casualty is not entitled to an award of costs and attorney's fees from the interpled sum. The Court acknowledges authority which holds that in an interpleader action, costs and attorney's fees are generally awarded, in the discretion of the court, to the Plaintiff who initiates the interpleader as a mere disinterested stake holder. *Perkins State Bank v. Connolly*, 632 F.2d 1306, 1311 (5th Cir.1980). In this instance, however, this case was initiated by Plaintiff as a declaratory judgment action, and Progressive Casualty does not hold the status of a mere disinterested stake holder. Progressive Casualty's filing of its interpleader counterclaim may be more accurately characterized as having been motivated by its own self interest for, in so doing, it was able to extricate itself from the remaining parties' conflicting claims to the policy proceeds and further discharge itself from all liability with regard to the fund. *See Maryland Casualty Company v. Sauter*, 377 F.Supp. 68 (N.D. Miss.1974); *Minnesota Mutual Life Insurance Company v. Gustafson*, 415 F.Supp. 615 (W.D.Ill.1976). Accordingly, the Court, in the exercise of its discretion, determines that Progressive Casualty's Motion for Attorney's Fees should be denied. It is, therefore,

ORDERED AND ADJUDGED that the Court accept Defendant Progressive Casualty Insurance Company's $20,000 draft made payable to the Clerk of the Court for the United States District Court for the Southern District of Mississippi, Southern Division, which represents the proceeds under the Defendant's insurance policy # 6231105. It is further,

ORDERED AND ADJUDGED that Defendant Progressive Casualty Insurance Company be discharged from any and all liability under the said insurance policy, and that Defendant Progressive Casualty Insurance Company be, and is hereby, dismissed from this lawsuit. It is further,

ORDERED AND ADJUDGED that Defendant Progressive Casualty Insurance Company's Motion for Attorney's Fees be, and the same is hereby, denied.