**SUN LIFE ASSURANCE COMPANY OF CANADA, Plaintiff,**

v.

**Deeanna THOMAS and Linda Wesner, Defendants.**

**No. G89–30663 CA.**

United States District Court, W.D. Michigan, S.D.

March 9, 1990.

Jacqueline M. Asher and Barbara Hughes Erard, Dickinson, Wright, Moon, Van Dusen, & Freeman, Detroit, Mich., for Sun Life Assur. Co. of Canada.

Holly F. Underwood, Boothby, Ziprick & Yingst, Berrien Springs, Mich., for Deeanna Thomas.

Donald D. Dettman, Burch, Dettman & Banyon, Benton Harbor, Mich., for Linda Wesner.

## OPINION

BENJAMIN F. GIBSON, District Judge.

## INTRODUCTION

This action is brought pursuant to Title 28 United States Code Section 1335 (herein-after "interpleader statute") and Title 28 United States Code Section 1331. Pending before the Court is plaintiff's motion for a complete and total discharge from liability pursuant to Title 28 United States Code Section 2361 (hereinafter "Section 2361") and for attorney's fees incurred in bringing this action. The Court grants the motion in part and denies it in part.

## FACTS

A group life insurance policy was issued by the plaintiff Sun Life Insurance Company of Canada (hereinafter "Sun Life"), a Canadian corporation, to Mercy Memorial Medical Center in St. Joseph, Michigan. Ruby D. Thomas was one of the employees covered by this policy. On May 4, 1988, she died as a result of injuries sustained in a traffic accident. Under the terms of the insurance policy, benefit payments in the amount of $27,800.00 were owed to the decedent's beneficiary.

On Ruby Thomas' group insurance enrollment card, under "Name of Primary Beneficiary," the name "Thomas, DeeAnna" appears and has been crossed out. Exh. A, Plaintiff's Motion. Above this name is the name "Linda N. Wesner" along with the date "9–23–85." The initials or signature of Ruby D. Thomas do not appear on the enrollment card next to the name "Linda N. Wesner."

Sun Life attempted to obtain a release of claim from Thomas before it paid the benefits to Wesner. Thomas refused to execute the release claiming that she was the proper beneficiary. After failing to obtain a release from Thomas, Sun Life commenced this action.

## ANALYSIS

The interpleader statute sets forth three conditions for the granting of interpleader status and the exercise of original jurisdiction by a federal district court. These requirements are:

1. an amount in controversy in excess of $500.00;

2. the presence of two or more adverse claimants of diverse citizenship, as

defined by Title 28 United States Code Section 1332, who claim or may claim to be entitled to such money or property; and

3. the deposit by the plaintiff of such money or property into the registry of the court.

28 U.S.C. § 1335(a). The Court concludes that the first and third requirements have been met in this case.

However, the Court believes that the second requirement has not been met. Sun Life admits that it has no claim to the disputed benefits. ¶ 18, Plaintiff's Complaint. Furthermore, both Thomas and Wesner are Michigan residents. ¶¶ 2, 3, Plaintiff's Complaint; ¶ 2, Thomas' Answer; ¶ 3, Wesner's Answer. Since Sun Life claims no interest in the disputed benefits, all adverse claimants are residents of the same state.

■ Absent diversity of citizenship between two or more adverse claimants, this Court lacks jurisdiction under the interpleader statute. *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 530, 87 S.Ct. 1199, 1203, 18 L.Ed.2d 270 (1967). Furthermore, unlike the situation in *Lummis v. White,* 629 F.2d 397 (5th Cir.1980), *rev'd on other grounds sub nom. Cory v. White,* 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982), diversity cannot be established under the interpleader statute by the presence of a non-Michigan plaintiff, Sun Life, since it claims no interest in the disputed funds. *Lummis,* 629 F.2d at 402–03. *See also Mount Hawley Ins. Co. v. Federal Sav. & Loan Ins. Corp.,* 695 F.Supp. 469, 473 (C.D.Cal.1987). Therefore, the Court cannot release Sun Life from liability pursuant to Section 2361 which is applicable only to actions brought under the interpleader statute.

■ However, Rule 22 of the Federal Rules of Civil Procedure (hereinafter "interpleader rule") provides that persons having claims against the plaintiff may be joined as defendants and required to interplead their claims when their claims may subject the plaintiff to multiple liability. Fed.R.Civ.P. 22(1). Furthermore, Sun Life's complaint sufficiently states an action under the interpleader rule. *See* Fed. R.Civ.P. 84; Form 18, Appendix of Forms, Federal Rules of Civil Procedure.

■ Unlike the interpleader statute which grants district courts original jurisdiction, the interpleader rule is merely a procedural device and does not grant this Court subject matter jurisdiction. *Bell & Beckwith v. United States,* 766 F.2d 910, 914 (6th Cir.1985). In an action brought pursuant to the interpleader rule, either federal question jurisdiction or diversity jurisdiction must be established. Federal question jurisdiction exists only if such jurisdiction would have existed in a coercive action by the defendant. *Id. See also* 28 U.S.C. § 1331.

Sun Life alleges that the Court has federal question jurisdiction. Plaintiff states in its complaint that since "this suit involves a claim for benefits under an employee welfare benefits plan, it is governed by the [Employment Retirement Income Security Act of 1974 (hereinafter "ERISA")]. . . ." ¶ 10, Plaintiff's Complaint.

Section 502(a) of ERISA governs the availability of civil remedies. *See* 29 U.S.C. § 1132(a). It provides that a beneficiary may bring suit to recover benefits owed to him under the terms of an employee welfare benefits plan. *Id.* § 1132(a)(1)(B). Thus, both adverse claimants in this action are eligible to bring suit to recover the disputed benefits. The availability of a remedy to the adverse claimants under ERISA gives this Court jurisdiction to decide an action brought pursuant to the interpleader rule. *Gelfgren v. Republic Nat'l Life Ins. Co.,* 680 F.2d 79, 80–81 (9th Cir.1982).

■ Like the interpleader statute, the interpleader rule provides that a neutral stakeholder asserting no claim to the disputed funds and having surrendered the disputed funds to the custody of the Court should be discharged from the action. *See, e.g., United Bank of Denver v. Oxford Properties, Inc.,* 683 F.Supp. 755, 756 (D.Colo.1988); *Federal Sav. & Loan Ins. Corp. v. Bass,* 576 F.Supp. 848, 851 (N.D.

Ill.1983). Absent the presence of bad faith on the part of the stakeholder or the possibility that the stakeholder is independently liable, discharge should be readily granted. *New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 94 (2d Cir.1983).

Thomas objects to the discharge of Sun Life on the grounds that it is an integral part of the underlying litigation between Wesner and herself. However, the Court notes that any information that she may need from Sun Life is readily available through discovery. Thus, the Court disagrees with the position asserted by Thomas and grants Sun Life's motion for complete and total discharge from liability.

In addition to requesting a discharge from liability, Sun Life also seeks to recover the attorney's fees and costs it incurred in bringing this interpleader action. Attorney's fees and costs are to be awarded to an innocent and otherwise disinterested stakeholder who has been required to expend time and money to participate in a dispute not of his own making and the outcome of which has no impact upon him. *Companion Life Ins. Co. v. Schaffer*, 442 F.Supp. 826, 830 (S.D.N.Y. 1977) (citing cases). However, courts are reluctant to award fees in cases where the claims are of the type that arise in the ordinary course of the stakeholder's business. *Id.* (citing cases).

Conflicting claims to benefits owed to beneficiaries under an employee welfare benefit plan, such as a group life insurance policy, are inevitable. These potential conflicts are part of the business risk assumed by one who provides such policies. Given that interpleader frees the stakeholder from the vexation of multiple suits and liability, an interpleader action brought by the provider of an employee welfare benefit plan or an insurance company is brought primarily in the company's own self-interest. *Minnesota Mut. Life Ins. Co. v. Gustafson*, 415 F.Supp. 615, 618–19 (N.D.Ill.1976). Since the initiation of this action is beneficial to Sun Life and in its own self-interest, the Court denies the request for attorney's fees and costs.

## CONCLUSION

For the reasons stated above, plaintiff Sun Life is discharged from further liability in connection with the benefits payable upon the death of Ruby D. Thomas.