**CORRESPONDENT SERVICES CORPORATION, Interpleader– Plaintiff,**

v.

**J.V.W. INVESTMENTS LTD., First Equities Corporation of Florida, J.V. Waggoner, and Donal Kelleher, Interpleader–Defendants,**

and

**Suisse Security Bank and Trust, Ltd., Additional Defendant on the Cross–Claims.**

**No. 99 CIV. 8934 RWS.**

United States District Court, S.D. New York.

April 25, 2001.

Drinker Biddle & Reath, New York City, by Brian F. McDonough, John E. Jenkins, of counsel, for Interpleader–Plaintiff.

Shaw, Pittman, Potts & Trowbridge, New York City, by Kenneth Caruso, of counsel, for Interpleader–Defendant.

Richardson Mahon Casey & Rooney, New York City, by James J. Mahon, of counsel, for Interpleader–Defendant.

Kronish Lieb Weiner & Hellman, New York City, by William J. Schwartz, of counsel, for Additional Defendant on the Cross–Claims.

Milbank Tweed Hadley & McCloy, New York City, by Scott Edelman, of counsel, for Cross–Claim Defendant.

## OPINION

SWEET, District Judge.

Pursuant to this Court's December 4, 2000 Interpleader Consent Order, interpleader-plaintiff Correspondent Services Corporation ("CSC") has moved for the payment of $17,965.58 in attorneys' fees. Interpleader-defendants J.V.W. Investments, Ltd. ("JVW") and J. Virgil Waggoner ("Waggoner") oppose the award, and argue in the alternative that the fees should be assessed only against Defendant Donal Kelleher ("Kelleher"). Kelleher also opposes the motion.

For the reasons set forth below, the motion will be granted, subject to further proceedings to determine the appropriate allocation of the award between the defendants.

### The Parties

CSC is a Delaware corporation with its principal place of business in New York, New York.

JVW is a corporation formed under the laws of the Commonwealth of Dominica ("Dominica"), with its principal places of business in Dominica.

Waggoner is a United States citizen domiciled in Texas.

Kelleher is a foreign national and a resident of Surrey, England.

Third-party defendant SSBT is a Bahamian corporation with its principal place of business in the Bahamas.

### Prior Proceedings

The background and prior proceedings in this action have been set forth in two prior opinions, familiarity with which is assumed. *See Correspondent Services Corp. v. J.V.W. Investments, Ltd.*, 120 F.Supp.2d 401 (S.D.N.Y.2000); *Correspondent Services Corp. v. J.V.W. Investment, Ltd.*, No. 99 Civ. 8934(RWS), 2000 WL 1174980 (S.D.N.Y. Aug. 18, 2000).

CSC filed the instant motion on March 6, 2001, seeking reimbursement for attorneys' fees on the grounds that such fees are routinely granted to a stakeholder asserting no interest in the subject property in pure interpleader actions such as this one.

JVS and Waggoner have filed their opposition, on the grounds that (1) costs and fees should not be awarded where, as here, the interpleader is undertaken in the ordinary course of the stakeholder's business; or in the alternative, that (2) the fees sought are

excessive; and (3) Kelleher should pay the full amount of fees awarded.

Kelleher joined Waggoner's argument against the award of any fees and disputing the reasonableness of the fees requested, and contending that the showing of bad faith on the part of Kelleher has not been made.

The motion was deemed fully submitted when CSC filed a reply on April 6, 2001.

*Discussion*

### I. *Attorneys' Fees Will Be Granted*

■ District courts possess equitable discretion to award costs and attorneys' fees to a disinterested stakeholder who has deposited the disputed res into court and sought a discharge from liability. *Septembertide Publishing, B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir.1989).

■ The parties agree that CSC, which merely acted as the clearing broker for the offshore certificate of deposit at issue in this action, satisfies each of these four requirements. However, the defendants contend that fees should nonetheless not be awarded because the interpleader action was conducted in the ordinary course of CSC's business. The Second Circuit has noted that even where all other equitable factors are met, courts need not necessarily award fees where the fees were incurred in the ordinary course of business. *Travelers Indemnity Co. v. Israel*, 354 F.2d 488, 490 (2d Cir.1965) ("We are not impressed with the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business of their insureds by bringing an action for interpleader").

What may be termed the *Travelers'* Court's "ordinary course of business exception" was established in the case of an insurer stakeholder. *See id.* Courts have understandably hesitated to grant attorneys' fees to insurer stakeholders, because "[t]he ordinary cost of doing business in the life insurance industry must reflect the need for interpleader actions in some cases." *Union Life Insurance Company v. Almonor*, No. 98 CIV. 3649(JSM), 1999 WL 292562, *1 (S.D.N.Y. May 7, 1999).

Nonetheless, the "ordinary course of business exception" does not preclude an award in this case. A review of the affidavits submitted by Matthew Farley and John E. Jenkins on behalf of CSC reveals that the costs and fees associated with bringing this interpleader action were not incurred in CSC's ordinary course of business. The typically expected costs associated with running the securities brokerage business differ in that respect from the costs typically associated with the insurance business. *See, e.g., Merrill Lynch Pierce Fenner & Smith Incorporated v. Clemente*, No. 98 Civ. 1756(LMM), 2001 WL 11070,*7 (S.D.N.Y. Jan. 4, 2001) (awarding attorneys' fees to disinterested and innocent securities firm stakeholder); *Smith Barney, Harris Upham & Co. v. Connolly*, 887 F.Supp. 337 (D.Mass.1994) (awarding $13,386.25 in attorneys' fees and costs to securities brokerage firm in interpleader action).

■ Even if interpleaders were more generally filed in the security brokerage business in general, or CSC's business in particular, these facts would not bar the Court's exercise of discretion to award fees where, as here, all of the equitable factors have been met. *See, e.g., Metropolitan Life Insurance Co. v. Jackson*, 896 F.Supp. 318, 324–25 (S.D.N.Y.1995) (granting insurance company attorneys' fees in interpleader action where all four equitable criteria were met).

### II. *The Fees Sought are Reasonable*

■ CSC seeks $17,965.58 in fees and expenses incurred in connection with this interpleader action. This sum reflects $16,746.80 in hourly fees for approximately 48 hours of two senior litigation partners' time and a approximately 2 hours of litigation paralegal time (charged at a rate discounted by 15%), $392.54 in disbursements, plus the $826.20 in fees accrued by a senior litigation partner to bring the instant motion. CSC sought to limit the escalation of these fees, despite repeated difficulty in securing the defendants' agreement to the proposed consent order. (*See* Jenkins Dec. & Exhs.)

The time sheets submitted establish that both the hours worked on this action and the

discounted fees therefor are reasonable. The sum sought is in keeping with other awards rendered in similar interpleader actions. *See, e.g., Sunmar Shipping, Inc. v. Trans Ocean Express Ltd.,* No. 97 CIV. 1078 DLC, 1997 WL 737697 (S.D.N.Y. Nov. 28, 1997) (approving $20,269.66 in attorneys' fees and costs to interpleader plaintiff); *Chemical Bank v. Richmul Associates,* 666 F.Supp. 616, 619 (S.D.N.Y.1987) (Pollock, J.) (approving $6,500 in attorneys' fees for 45 hours of associate's time at $100 an hour and 10 hours of paralegal time at $50 per hour, plus $857.16 in fees, finding rates reasonable in 1987); *Bache Halsey Stuart Shields Inc. v. Garmaise,* 535 F.Supp. 659, 660–61 (S.D.N.Y. 1982) (Weinfeld, J.) (awarding $21,967.91 for fees in interpleader action generally, $10,000 for work done in-house by interpleader plaintiff, and $2,500 for legal fees on the motion for reimbursement of fees and costs).

The proper allocation of the award as between the defendants shall be the subject of further proceedings.

### Conclusion

For the foregoing reasons, the motion for fees and costs is granted in the amount of $17,965.58, subject to additional proceedings to allocate the award between the defendants.

It is so ordered.