UNUM LIFE INSURANCE COMPANY OF AMERICA, Plaintiff,

v.

Arlene KELLING, Ronald Sonneman, Makayla Ver Velde and Teresa Ver Velde, as parent and guardian of Makayla Ver Velde, Defendants.

No. 3–01 0173.

United States District Court, M.D. Tennessee, Nashville Division.

Nov. 2, 2001.

Holly N. Knight, Hale, Headrick, Dewey, Wolf, Golwen, Thornton & Chance, PLLC, Nashville, TN, Stirman R. Headrick, Hale, Headrick, Dewey, Wolf, Golwen, Thornton & Chance, PLLC, Memphis, TN, for Plaintiff.

Arlene Kelling, Clarksville, TN, pro se.

Ronald Sonneman, Sheboygan, WI, pro se.

Thomas Neal Bateman, Bateman, Bateman & Darnell, P.C., Clarksville, TN, for Defendants Makayla Ver Velde and Teresa Ver Velde.

## OPINION

WISEMAN, Senior District Judge.

Before the Court is plaintiff Unum Life Insurance Company's ("Unum") motion for attorneys' fees in the amount of $4,967.58. Defendant Teresa Ver Velde, individually and on behalf of minor Makayla Ver Velde ("the Ver Veldes"), requests that the motion be denied.

### I.

Christopher Lee Sonneman died on July 1, 2000. His life was insured by Unum in the amount of $15,000.00. Mr. Sonneman did not designate a beneficiary to his policy. However, the policy provided that when no beneficiary was designated, the proceeds of the policy would be paid to the first surviving class of beneficiaries in the following order of preference: (1) the insured person's widow or widower, if sur-

viving the insured person, otherwise; (2) the insured person's surviving child or children, in equal shares, otherwise; (3) the insured person's parents in equal shares or the surviving parent. Mr. Sonneman died without leaving a widow or living children. At the time of his death, Mr. Sonneman's fiancé, defendant Teresa Ver Velde, was pregnant with his child, defendant Makayla Ver Velde, born on September 20, 2000. Teresa Ver Velde made a claim to the proceeds on Makayla's behalf. Additionally, Mr. Sonneman's parents, defendant Ronald Sonneman and defendant Arlene Kelling, made individual claims to the proceeds of the policy. Unum acknowledged that the proceeds of the policy should be paid to one of these potential beneficiaries and filed an interpleader action under the federal interpleader statute, 28 U.S.C. sec. 1335. Unum paid the proceeds of the policy into the Court. On May 29, 2001, the Court entered an agreed order ending any of Ms. Kelling's claims, declaring Makayla Ver Velde to be the rightful beneficiary of the policy, and granting leave for both the Ver Veldes and Unum to apply for attorneys' fees.[1]

Unum seeks an award of attorneys' fees from the proceeds of the policy, totaling their services at $4,967.58. The Ver Veldes' counsel, Thomas N. Bateman, also seeks attorneys' fees to be paid from the proceeds of the policy in the amount of $3,873.00.[2] For the following reasons, Unum's motion for an award of attorneys' fees is DENIED.

## II.

A. *General Federal Rule.* Under Federal law, the general rule is that a disinterested "mere stakeholder" plaintiff who brings a necessary interpleader action is entitled to a reasonable award of attorneys' fees.[3] *Mutual Life Insurance Co. v. Bondurant,* 27 F.2d 464, 465 (6th Cir. 1928); *In re Creekstone Apartments Associates, L.P.,* 165 B.R. 851, 855 (Bkrtcy. M.D.Tenn.1994).

Unum argues that it is entitled to an award of attorneys' fees under the general rule as a disinterested "mere stakeholder" plaintiff. Specifically, Unum claims that it had no other option but to file an interpleader action because the three conflicting claimants were unwilling to resolve their claims to the policy benefits out of court.

The Ver Veldes appear to argue that Unum should not fall within the general rule because the interpleader action was unnecessary. First, the Ver Veldes argue the interpleader action was unnecessary because the ordinary meaning of the word "child" includes after-born children. Thus,

---

1. The only other interested party was Ronald Sonneman. A default judgment was entered against him on May 30, 2001.

2. Mr. Bateman's attorneys' fees total $4,873.14. However, because he recently informed Ms. Ver Velde that attorneys' fees would be approximately $3800.00, he has voluntarily reduced his request for fees.

3. Most Circuit Courts have adopted the general rule that interpleading disinterested "mere stakeholder" plaintiffs are entitled to a reasonable award of attorneys' fees. *See, e.g., Ferber Co. v. Ondrick,* 310 F.2d 462 (1st Cir. 1962); *Globe Indemnity Co. v. Puget Sound Co.,* 154 F.2d 249, (2d Cir.1946); *Callwood v. Virgin Islands National Bank,* 221 F.2d 770 (3d Cir.1955); *Perkins State Bank v. Connolly,* 632 F.2d 1306 (5th Cir.1980); *New York Life Ins. Co. v. Miller,* 139 F.2d 657 (8th Cir.1944); *Massachusetts Mutual Life Ins. Co. v. Morris,* 61 F.2d 104 (9th Cir.1932); *U.S. Fidelity & Guar. Co. v. Sidwell,* 525 F.2d 472 (10th Cir. 1975); *Prudential Ins. Co. of America v. Boyd,* 781 F.2d 1494 (11th Cir.1986). However, one area of continuing contention is whether the allowance of attorneys' fees is a matter governed by federal or state law where there is a conflict between the federal rule and the rule prevailing in the state where the federal court is sitting. *See* 48 A.L.R.2d 202. Such a conflict exists in Tennessee, where state law prohibits attorneys' fees from being awarded unless there is a "clear necessity" for filing the bill of interpleader and unless the claimants are more blameworthy for competing claims than is the interpleading party. *See Inter-Southern Life Ins. Co. v. McDaniel,* 159 Tenn. 478, 19 S.W.2d 269 (1929) (as explained in 48 A.L.R.2d 203). The Sixth Circuit has not ruled definitively on the issue.

according to the Ver Veldes, there was no ambiguity in the policy and the policy benefits should therefore have been given to Makayla Ver Velde. In the alternative, the Ver Veldes argue that even if the word "child" was ambiguous, the interpleader action was still unnecessary because that ambiguity should be construed against Unum under interpretation principles of contract law.

The Ver Veldes' arguments, however, are without merit. Regardless of the legitimacy of any of the three competing claims, Unum would still potentially be subject to multiple lawsuits if they had made a decision to award benefits to only one of the claimants. *Cf. Paul Revere Life Ins. Co. v. Riddle*, 222 F.Supp. 867, 868 (E.D.Tenn.1963) ("The plaintiff had a right as a stakeholder, acting in good faith, to maintain this action in interpleader to avoid the vexation of and expense of resisting the adverse claims, even though its officials believed only one of them was meritorious."). The Ver Veldes themselves indicated in their pleadings that the interpleader action was the only alternative because they and the other claimants could not agree on how to divide the benefits. Such a situation is precisely what the interpleader statute is intended to resolve. *Cf. Outlaw*, 411 F.Supp. at 826. Thus, Unum did not file the interpleader action unnecessarily.

Furthermore, Unum appears to fit within the general definition of a "disinterested stakeholder." Unum clearly had no interest in which of the competing claimants received the fund paid into the Court. Unum made no claim to the policy and did not dispute the amount of the policy. By submitting the fund to this Court, Unum preserved it for the benefit of the successful claimant. In addition, Unum's request for attorneys' fees appears reasonable in amount. Unum's request of $4,967.58 is within $100.00 of defense counsel's request before reduction, $4,873.14. For these reasons, Unum at least *initially* falls within the general rule awarding attorneys' fees to interpleading plaintiffs.

**B.** *Exceptions to the General Federal Rule.* However, "whether a court should allow a party who commences an interpleader action to recover his attorney[s'][sic] fees and cost of the action is matter committed to judicial discretion," *In re Robby's Pancake House of Florida, Inc. v. Walker*, 24 B.R. 989 (Bkrtcy. E.D.Tenn.1982), and is "rarely awarded as a matter of course," *Paul Revere Life Insurance Co. v. Riddle*, 222 F.Supp. 867, 868 (E.D.Tenn.1963). Moreover, courts use their discretion to exclude insurance companies from the general "disinterested plaintiff" rule under three separate theories. First, courts have found, on facts identical to those of the instant case, that insurance companies should not be compensated merely because conflicting claims to proceeds have arisen during the normal course of business. *See e.g., Sun Life Assurance Co. of Canada v. Thomas*, 735 F.Supp. 730, 732 (W.D.Mich.1990) (denying an award of attorneys' fees because "conflicting claims to benefits owed by beneficiaries ... are inevitable"); *see also Prudential v. Baton Rouge*, 537 F.Supp. 1147, 1150–51 (M.D.Ga.1982) (denying an award of attorneys' fees to insurance company when "claims to the fund [were] of the type that arise in the ordinary course of business") (citations omitted); *Minnesota Mutual Life Ins. Co. v. Gustafson*, 415 F.Supp. 615, 617–19 (N.D.Ill.1976) (same).

Next, courts have exempted insurance companies from the general rule and denied them an award of attorneys' fees because insurance companies, by definition, are interested stakeholders; filing the interpleader action immunizes the company from further liability under the contested policy. *See Prudential*, 537 F.Supp. at 1150–51 ("An interpleader action relieves the company of ... risk by eliminating the

potential harassment and expense of multiplicity of claims and suits ... [and] discharges the company from all liability in regard to the fund."); *Western Life Ins. Co. v. Nanney,* 290 F.Supp. 687, 688 (E.D.Tenn.1968) (denying motion for award of attorneys' fees on similar reasoning); *Cogan v. United States,* 659 F.Supp. 353, 354 (S.D.Miss.1987) (same).

Finally, some courts have exempted insurance companies from the general rule based on the policy argument that such an award would senselessly deplete the fund that is the subject of preservation through interpleader. *See Paul Revere,* 222 F.Supp. at 868 (not allowing attorneys' fees because ruling otherwise would create precedent "caus[ing] the successful claimant to bear the ... expenses of the interpleading action"); *see also Metropolitan Life Ins. Co. v. Jordan,* 221 F.Supp. 842, 844 (W.D.N.C.1963) (denying award of attorneys' fees, asking "Should failure to designate diminish the face amount of the policy to the extent of [interpleading plaintiff's] counsel fee? Can it fairly be assumed that the policyholder contemplated such a result—or was even aware of it?", and observing the "risk of being saddled with such expenses, in addition to paying one's own lawyer, would tend to quiet just claims ... [that] ought to be asserted"); *Hunter v. Federal Life Ins. Co.,* 111 F.2d 551, 556 (8th Cir.1940) ("[T]here would be no justification for seriously depleting the fund deposited in the court ... through the allowance of large fees to ... counsel."); *Trustees of Directors Guild of America Producer Pension Benefits Plans v. Tise,* 234 F.3d 415, 426 (9th Cir.2000) ("[T]here is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it."). Furthermore, those policy concerns become even stronger when a minor seeks to benefit from the fund. *See Western Life,* 290

F.Supp. at 689–90. In one recent case, the court refused to award attorneys' fees to the insurance company and awarded the minor's attorneys only 25% of their request. *See Id.* at 688–89.

While a perfunctory application of the general rule would require awarding attorneys' fees to Unum, the Court must look beyond the general rule and exercise its discretion to determine whether any of the exceptions to the general rule apply to the instant case. Upon examination of the facts, the Court finds that all three of the theories exempting insurance companies from the general rule apply to Unum. Unum falls under the first theory exempting insurance companies because conflicting claims of the sort here occur during the normal course of business. As an insurance company, Unum, like other insurance companies whose attorneys' fees have been denied on this theory, should expect such conflicting claims to be inevitable. *See Sun Life,* 735 F.Supp. at 732. In the instant case, "[The court is] not impressed with the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business to their insureds." *Travelers Indemnity Co. v. Israel,* 354 F.2d 488, 490 (2d Cir.1965). Competing claims arise during the normal course of business and the cost of doing such business should not be transferred to the insured. *See id.*

Likewise, under the second theory, Unum has an interest in interpleading the fund; by obtaining a judicial judgment, Unum avoids the risk of paying the proceeds to the wrong beneficiary and being subject to subsequent litigation. While Unum's counsel never asserts this fact directly, it is clear that they filed the interpleader action because they would have otherwise been subject to three lawsuits

claiming the proceeds of the policy. Unum's interest in the instant case is no different than the interest of those insurance companies in prior cases whose attorneys' fees have been denied because the insurance company has been "free[d] ... from the vexation of multiple suits and liability ... [and because the suit was] brought primarily in the company's own self-interest." *See Sun Life,* 735 F.Supp. at 733.

Consistent with the third exemption theory, the Court is troubled by the fact that, if awarded and coupled with her other legal expenses, Unum's request for attorneys' fees would consume over 60% of Makayla's benefits.[4] This equitable argument is strong. Were the Court to award attorneys' fees, the fund interpleaded into the court would essentially be depleted and minor Makayla would receive a fraction of the face value of the policy. It would be a strange result indeed if the $15,000.00 sought to be preserved through the interpleader action was whittled down to only $6,000.00 after legal expenses. Furthermore, Makayla Ver Vedle, the beneficiary, is currently less than a year old. "The onus upon the Court in protecting the interests of persons under disability of minority is clear." *See Western Life,* 290 F.Supp. at 690.

### III.

Having carefully considered both parties' submissions and the applicable law, Unum's motion for attorneys' fees is DENIED.

An appropriate order will enter.

### *ORDER*

Plaintiff Unum Life Insurance Company of America moves for an award of attorneys' fees in Civil Action No. 3–01 0173, an interpleader action to determine which of the competing claimant Defendants, Arlene Kelling, Ronald Sonneman, and Teresa and Makayla Ver Velde, is rightfully entitled to funds from insurance policy proceeds. For the reasons set forth in the accompanying memorandum, Plaintiff's Motion for Attorneys' Fees is DENIED.

It is so ORDERED.

---

4. Plaintiff Unum's request alone is 33% of the proceeds of the policy.