**TRAVELERS INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**Agatha HARVILLE, Individually and as the Administratrix of the Estate of Samuel Williams; Gurther Dean Thompkins Williams, Defendants.**

**Civ. A. No. 85–0786–X–C.**

United States District Court, S.D. Alabama, N.D.

Sept. 12, 1985.

Wade K. Wright, Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, Ala., for plaintiff.

Barry R. Bennett, Hobbs & Hain, Selma, Ala., for defendant Gurther Dean Thompkins Williams.

## ORDER

HAND, Chief Judge.

This action is an interpleader action under 28 U.S.C. § 1335, brought by the Travelers Insurance Co. as disinterested stakeholder seeking to force the two allegedly adverse claimants to litigate the right to the two thousand dollars ($2,000.00) in proceeds from a policy of life insurance. This Court now raises, for the first time, the question of whether it has jurisdiction of this action. Federal courts, being courts of limited jurisdiction, are required to question their jurisdiction *sua sponte* if no party raises a jurisdictional defect. *See Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3522 at 70 (1984).

The complaint herein invoked this Court's jurisdiction on the basis that section 1335 allows this interpleader action. Section 1335 of Title 28 states, in pertinent part, as follows:

(a) The district court shall have original jurisdiction of any civil action of interpleader or in the nature of interplead-

er filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

(1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation....

28 U.S.C. § 1335(a)(1) (1976). The plaintiff-interpleader has tendered into court more than $500.00, so the issue is whether there are properly diverse parties. The statute requires "[t]wo or more adverse claimants, of diverse citizenship." Both claimants in this action are citizens of Alabama, while Travelers is a citizen of the states of Connecticut and Delaware. (Corporations are citizens of both the state in which they are incorporated and the state in which their principal place of business is located. 28 U.S.C. § 1332(c) (1976)). There is only diversity, therefore, between the stakeholder and the claimants, not between the claimants themselves. The statute plainly requires, however, and the decisions have interpreted it to require, diversity of citizenship between the claimants, without regard to the citizenship of the disinterested stakeholder. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530, 87 S.Ct. 1199, 1203, 18 L.Ed.2d 270 (1967); *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 71–72, 60 S.Ct. 44, 47–48, 84 L.Ed. 85 (1939); *Dakota Livestock Co. v. Keim*, 552 F.2d 1302 (8th Cir.1977); *Haynes v. Felder*, 239 F.2d 868 (5th Cir.1957); 13B C. Wright, *supra*, § 3605 at 405. *Cf. Lummis v. White*, 629 F.2d 397 (5th Cir.1980), *rev'd on other grounds, sub nom Cory v. White*,

457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982).

As both claimants are citizens of Alabama, there is plainly no diversity of citizenship as defined in section 1332 of Title 28. This Court is therefore without jurisdiction under section 1335 of Title 28.

 The Court is also without jurisdiction under "rule interpleader" as defined in Rule 22(1) of the Federal Rules of Civil Procedure, which requires that more than $10,000.00 be at stake. Fed.R.Civ.P. 22(1). *See* 7 C. Wright, *supra*, § 1710 at 412–13. Therefore there is no basis for this Court to exercise jurisdiction, and this case must be dismissed.

Accordingly, it is hereby ORDERED that this case be, and it is, DISMISSED, for lack of subject matter jurisdiction. Costs are taxed against the plaintiff, Travelers Insurance Co.