ALLSTATE INSURANCE COMPANY,
Plaintiff,

v.

James M. YOUNG; Kathy H. Young; J.A.L., Inc., d/b/a Richmond Ambulance Service; Board of Regents of the University System of Georgia d/b/a Medical College of Georgia Hospital and Clinics; St. Joseph Homecare, Inc.; Medical College of Georgia Physicians Practice Group Foundation; Allen Medical Claims Administrators, Inc.; and Richmond County Board of Commissioners, Defendants.

No. CV 195–121.

United States District Court,
S.D. Georgia,
Augusta Division.

March 20, 1996.

Robert L. Allgood, Robert J. Lowe, Jr., Allgood & Daniel, Augusta, GA, for Allstate Insurance Company.

John Joseph Czura, Augusta, GA, for James W. Young, Kathy H. Young.

Travers White Paine, III, Paine, McElreath & Hyder, Augusta, GA, for J.A.L., Inc.

James Luther Lester, Lester, Lester & Flynt, Augusta, GA, for Medical College of Georgia.

Patrick J. Rice, Hull, Towill, Norman & Barrett, Augusta, GA, for Medical College of Georgia Physicians Practice Group Foundation.

Benjamin M. Garland, Hall, Bloch, Garland & Meyer, Macon, GA, for Allen Medical Claims Administrators, Inc.

James Walton Ellison, Burnside, Wall, Daniel, Ellison & Revell, Augusta, GA, for Richmond County Board of Commissioners.

## ORDER

BOWEN, District Judge.

Before the Court in the above-captioned matter is the "Motion to Dismiss for Lack of Jurisdiction" Plaintiff's complaint for interpleader and "Motion to Dismiss Crossclaims Filed by Young Defendants for Failure to State a Claim and for Lack of Jurisdiction," both filed by Defendants Richmond County Board of Commissioners and Allen Medical Claims Administrators, Inc. Upon consideration of the briefs submitted by counsel, Defendants' motion to dismiss the interpleader complaint as well as the motion to dismiss Plaintiff's crossclaims is hereby **GRANTED** for the reasons set forth below.

### I. Procedural Disposition

Plaintiff Allstate Insurance Company ("Allstate") filed a complaint for statutory interpleader under 28 U.S.C. §§ 1335, 1397, and 2361 in this Court on August 11, 1995. James Young and his wife Kathy Young ("the Youngs"), Defendants in the interpleader action, have asserted cross-claims against Richmond County and Allen Medical Claims Administrators ("AMC"). These cross-claims are brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, the Federal Fair Debt Collection Practices Act ("FFDCPA"), 15 U.S.C. § 1692, *et seq.*, and Georgia law. The Youngs seek certification of a class under Rule 23 for individuals who have health plans similar to theirs and who have similar claims against Richmond County and AMC.

The Defendants Richmond County and AMC have filed a motion to dismiss the interpleader complaint for lack of jurisdiction. These two defendants have also filed a motion to dismiss the cross-claims asserted by the Youngs for failure to state a claim and lack of jurisdiction.

### II. Factual Background

Allstate is an insurance company which seeks to pay into the Court registry $100,000.00 in insurance proceeds under automobile liability and property damage policy # 049316452 ("the Policy") issued to Anne Stevenson on August 14, 1993. Under the terms of this policy, Allstate is obligated to pay for any bodily injury and property damage arising out of a collision with the automobile of the insured or other covered individuals. Allstate is not obligated, however, to pay any claim or judgment beyond the limit of $100,000.00 for both property loss and bodily injury.

On February 7, 1994, Wayne Wyllie was driving an automobile insured under the Policy and collided with Kathy Young, named as a Defendant in Allstate's action for statutory interpleader. Kathy Young required extensive medical treatment costing in excess of $100,000.00 as a result of the automobile accident.

On June 27, 1994, Allstate paid $10,525.00 for the total loss of the automobile in the accident to Kathy Young and her husband, James Young, also named as a Defendant in this interpleader action. This payment reduced the remaining balance under the Policy to $89,475.00 and remains the only amount paid out under the policy to date.

James Young is an employee of Richmond County, and Kathy Young is his dependent insured under the Richmond County health insurance plan provided for its employees. AMC administers this health plan for Richmond County. Kathy Young's medical bills were submitted to AMC for payment. The health plan, however, provides that the County is entitled to subrogation whenever there is a third party liable for the medical ex-

penses. In this instance, that third party is Wayne Wyllie, driving as an insured party under the Allstate automobile insurance policy. Prior to paying out any benefits, the Richmond County health plan requires that its insureds sign a reimbursement agreement. The Youngs have refused to sign any reimbursement agreement, and AMC has therefore refused to pay any of Kathy Young's medical bills.

Each of the Defendants in this action has claims against Allstate for an amount exceeding the remaining balance under the policy. These claims are listed seriatim.

1. First and Second Defendants James and Kathy Young seek the entire remaining policy amount for damages resulting from pain and suffering, loss of consortium, and personal injury.

2. Third Defendant J.A.L., Inc., d/b/a Richmond Ambulance ("JAL"), seeks $2,235.75 for ambulance transportation of Kathy Young.

3. Fourth Defendant Board of Regents of the University System of Georgia d/b/a Medical College of Georgia Hospital and Clinics ("MCG") seeks $82,602.00 for treatment rendered to Kathy Young.

4. Fifth Defendant St. Joseph Homecare, Inc. ("St. Joseph") seeks $1,837.50 for treatment rendered to Kathy Young.

5. Medical College of Georgia Physicians Practice Group Foundation ("PPG") seeks $21,110.71 for treatment of Kathy Young.

6. AMC and Richmond County assert subrogation claims under ERISA for amounts paid on behalf of Kathy Young to various medical care providers for an unknown amount.

All of the Defendants enumerated in this action for statutory interpleader are residents of Georgia, while Allstate is a resident of Illinois.

### III. Analysis

#### A. Claim for Interpleader

■ Allstate specifically pled its claim for interpleader only under statutory interpleader, 28 U.S.C. § 1335, not interpleader as provided under Fed.R.Civ.P. 22. Statutory interpleader, however, unlike Rule 22 interpleader, requires **minimal diversity among at least two adverse claimants.** *See State Farm Fire & Casualty v. Tashire,* 386 U.S. 523, 530, 87 S.Ct. 1199, 1203, 18 L.Ed.2d 270 (1967); *see also* Charles Allen Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure:* Civil 2d § 1703 at 498 ("[Rule 22] interpleader requires complete diversity of citizenship between the stakeholder and the claimants; statutory interpleader is satisfied by minimal diversity between or among claimants."). Furthermore, the presence of Allstate, an Illinois corporation, cannot establish diversity since Allstate asserts no claim to the disputed insurance proceeds. *Treinies v. Sunshine Mining Co.,* 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939).

■ Consequently, the requisite minimal diversity is not present in this case, a defect Allstate readily acknowledges in its brief in opposition to the motion to dismiss.[1] Allstate argues, however, that the Court should allow the case to proceed despite this defect since the jurisdictional requirements under Fed.R.Civ.P. 22 and 28 U.S.C. § 1332 are present in this case. In essence, Allstate contends that the fact that Allstate has explicitly pled only statutory interpleader in both its interpleader complaint and other forms filed with the Court should be of no import.[2] Instead,

---

1. "The Plaintiff does not argue with the facts alleged in the Complaint, that there is no diversity of citizenship among the Claimants/Defendants; nevertheless, the Plaintiff maintains that under the requirements of rule interpleader pursuant to Rule 22 ... that the requisite elements of jurisdiction are present to give this Court jurisdiction." Plaintiff's Memorandum in Opposition to Motions to Dismiss at 1.

2. Plaintiff refers to two court decisions, *Sun Life Assur. Co. of Canada v. Thomas,* 735 F.Supp. 730 (W.D.Mich.1990) and *Travelers Ins. Co. v. Harville,* 622 F.Supp. 68 (D.C.Ala.1985), for the proposition that this Court should retain jurisdiction under the general federal diversity statute or Fed.R.Civ.P. 22, despite the fact that Plaintiff has pled neither as a source of jurisdiction for this claim.

Allstate suggests that the Court look at the entirety of the interpleader complaint to find that general diversity jurisdiction or jurisdiction under Fed.R.Civ.P. 22 could exist.[3] The Youngs, in their cross-claim for declaratory judgment, assert these same arguments.

Plaintiff, however, is the master of its complaint; the Court is not charged with framing the Plaintiff's complaint. Plaintiff clearly and explicitly invoked the jurisdiction of this Court pursuant to 28 U.S.C. § 1335 alone, not under Fed.R.Civ.P. 22 or as a general diversity case. In my opinion, it is both unnecessary and unwise to depart from well-established jurisdictional doctrines to make room in federal court for what amounts to a purely local dispute. In this case, all of the adverse claimants are from Georgia—in fact, most are from Richmond County. It is clear that no minimal diversity exists among the claimants and that under 28 U.S.C. § 1335, the exclusive avenue by which Allstate chose to bring this complaint to federal court, the jurisdictional requirements are absent. Accordingly, both motions to dismiss the interpleader complaint filed by Defendants AMC and Richmond County are hereby **GRANTED.**

### B. The Youngs' Cross–Claims

■ The Youngs have filed a "Cross–Claim for Declaratory Judgment Class Action" and a "Cross Complaint—Class Action."[4] Count I of this document seeks a declaratory judgment against AMC and Richmond County that any subrogation provisions contained in the medical plan be declared null and void under ERISA and Georgia law; that the Youngs' claim to the insurance proceeds be declared superior to all other claims; that no other claimant be allowed to recover from the Youngs; and

that AMC and Richmond County be ordered to pay all covered medical expenses of the Youngs. Count I also seeks certification of a class of all other employees covered by the Richmond County medical plan whose claims have been subrogated under the provisions of the medical plan. The Youngs contend that this Court has both ancillary jurisdiction over this claim via the underlying interpleader complaint, as well as an independent basis of jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) since this claim raises issues under ERISA. The Youngs ask this Court to assert ancillary jurisdiction over related issues under Georgia law.

Count II asserts that the FFDCPA controls the effort by AMC and the County at subrogation. Essentially, Count II alleges that AMC and Richmond County have attempted to collect repayment of their medical expenses from the Youngs as well as any other individuals covered by the medical plan. The Youngs contend that AMC used deceptive tactics in violation of the FFDCPA by falsely claiming that the payment of medical expenses is conditioned upon the execution of a subrogation agreement. They seek certification of their claim and the claims of a class of unnamed individuals under Fed. R.Civ.P. 23.

Pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise its supplemental jurisdiction when all claims over which the court had original jurisdiction have been dismissed. Since the underlying interpleader action has been dismissed, the cross-claims filed by the Youngs may remain only if they are supported by an independent basis for federal jurisdiction.

---

3. Richmond County and AMC argue that even Rule 22 interpleader is inappropriate for this particular case, since Allstate is not faced with multiple liability and cannot be forced to pay out more than the $100,000.00 policy amount. It is unnecessary to address this argument because no jurisdiction exists under 28 U.S.C. § 1335, the exclusive jurisdictional ground pled by Allstate.

4. In Count I of this document, the Youngs assert that this cross-claim arises under 28 U.S.C. § 1397 and § 2361 (statutory interpleader) and 28 U.S.C. § 2201 (declaratory judgment), and seeks relief for an as yet unspecified class under

ERISA. The Youngs, however, present no interpleader claim; therefore, Count I will be construed as seeking declaratory relief on behalf of themselves and unnamed class members under ERISA.

Similarly, Count II of this document is denoted a "Counter Claim—Class Action." However, the Court shall treat it as a cross-claim, since it is filed against Richmond County and AMC (both co-Defendants), with an accompanying motion for class certification pursuant to Fed.R.Civ.P. 23 and the FFDCPA, 15 U.S.C. § 1692, *et seq.*

Richmond County and AMC both contend that no independent grounds for federal jurisdiction exists. They assert that the claims of an entire class cannot provide a valid cross-claim under Fed.R.Civ.P. 13(g). Federal Rule 13(g) provides that any cross-claim against a co-party must arise out of the same transaction or occurrence that is the subject matter of the original action or of a counter-claim to the original action. Richmond County and AMC point out that the multiple claims involved in the class action framework the Youngs suggest cannot possibly arise out of the same transaction or occurrence as the present interpleader complaint; therefore, they are inappropriate subjects for cross-claim in this action. Furthermore, they point out that 29 U.S.C. § 1002(32), which defines the scope of coverage for ERISA, excludes government health benefit plans like the one in this matter. Finally, Richmond County and AMC argue that the FFDCPA applies only to "debt collectors," and there is no plausible way to claim that AMC or Richmond County are "debt collectors" under the statutory definition.[5]

In their brief filed in opposition to the motion to dismiss their cross-claims, the Youngs abandon all but their state law claims. The Youngs acknowledge that ERISA does not apply to the Richmond County medical plan and clearly state:

> We accept Richmond County's statement of the law as correct:
>> "29 U.S.C. Section 1003(b)(1) provides that the provisions of the act do not apply to any employee benefit plan if such a plan is a governmental plan as defined by 29 U.S.C. Section 1002(32)"; And
>> "Therefore it is clear that the provisions of the ERISA act do not apply to the Richmond County health benefit plan ..."

Response in Opposition to Motion to Dismiss Counterclaims at 2. Furthermore, the Youngs make no mention of their FFDCPA claims, nor do they provide any argument in opposition to Defendants' motion to dismiss their FFDCPA cross-claim and corresponding motion for class certification. Consequently, no question of federal law remains at issue in this case.

In fact, the Youngs themselves concede that "[t]he sole remaining issue is the validity of policy language claiming subrogation under Georgia law." *Id.* at 3. They are correct: a question under Georgia law is all that remains in this case. The underlying statutory interpleader complaint has been dismissed, and the Youngs have abandoned their federal cross-claims under the FFDCPA and ERISA. Therefore, pursuant to the discretion granted by 28 U.S.C. § 1367(c), I am not inclined to exercise supplemental jurisdiction over a question of Georgia law involving parties exclusively from the state of Georgia. Accordingly, Defendants AMC and Richmond County's motions to dismiss the cross-claims filed by the Youngs are hereby **GRANTED.**

---

**5.** 15 U.S.C. § 1692(a)(6) defines "debt collector" as

> any person that uses any instrumentality of interstate commerce or the mail in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.